## OCMULGEE LUMBER COMPANY *v.* MITCHELL.

LITTLE, J. 1. As a general rule, equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent. Civil Code, § 4916.

2. Where the petition under which the injunction is sought sets out with particularity, and in detail, different acts which it is alleged constitute the trespass, and affixes in money the damages which the plaintiff sustained by each of such several acts, there is no foundation for the claim that such damages are "irreparable."

3. When by the allegations of the petition it further appears that the several acts of the defendant, which the plaintiff claims to be trespasses, have been completed, and the defendant is not preparing or threatening to do other acts which will enlarge or continue the trespasses alleged to have been already committed, and the defendant claims that the acts done were in pursuance of a written contract with the plaintiff, which is in evidence, and is not explicit in all of its terms; and it is not alleged that the defendant is insolvent; but the defendant offers to give bond for all past and prospective damages to the plaintiff; and it appears both by the petition and the evidence that the damages claimed may be easily ascertained and fixed, it is error to grant an injunction.

*Judgment reversed. All the Justices concurring, except Fish, J., absent.*

Argued December 8, — Decided December 21, 1900.

Injunction.　Before Judge Smith.　Pulaski county.　October 5, 1900.

*W. L. Grice & Sons*, for plaintiff in error.
*J. H. Martin*, contra.