## BRASWELL *et al. v.* BROWN.

1. When, in answer to a petition for direction filed by an administrator, the widow of the intestate set up the fact that she had been duly allowed by the court of ordinary a specified sum as a year's support, and in such answer prayed for a judgment for the amount thereof, which was granted, it became the duty of the clerk of the superior court to issue in her favor an execution for the amount of this judgment.

2. This case having been submitted to the trial judge for decision without a jury, and he having rendered a judgment in favor of the plaintiff, this court, in the absence of any authentic and proper information as to what evidence was introduced at the trial below, will assume that the plaintiff duly established every material allegation of her petition, and that the judgment rendered was right.

3. The mere introduction of documents in evidence on the trial of a given case does not render them portions of the record thereof, and such documents, unless duly made a part of the record in that case by incorporation in an approved brief of evidence, can not properly be specified and brought to this court in a transcript of such record.

4. The present bill of exceptions is so palpably without merit as to lead to the conclusion that it was sued out for delay only, and accordingly damages are awarded in favor of the defendant in error against the plaintiff in error.

Argued January 11, — Decided January 29, 1901.

Action on bond. Before Judge Candler. DeKalb superior court. March 26, 1900.

*W. W. Braswell,* for plaintiffs in error.
*Tompkins & Alston,* contra.

Lewis, J. This was a suit in DeKalb superior court, brought by Mrs. Susan W. Brown against W. W. Braswell as principal, and A. J. Almand as security, on the bond of Braswell as administrator of the estate of Robert M. Brown, deceased. By agreement of counsel, the case was tried by the judge without the intervention of a jury, each party reserving the right of exception. The petition contained substantially the following allegations. Petitioner is the widow of Robert M. Brown Sr., deceased, upon whose estate Braswell is administrator, and Almand is the security upon Braswell's bond as administrator. Both Braswell and Almand are residents of DeKalb county. Petitioner has recovered, in the court of ordinary of DeKalb county, a judgment for a year's support to the amount of $500 principal. Since the rendition of this judgment Braswell as administrator has received, from the estate of Robert M. Brown Sr., more than enough money to pay the same, and according to the returns which he has filed he should have such funds in his hands at the present time. After the recovery of the judgment in the court of ordinary by petitioner, Braswell as administrator filed his bill to marshal the assets of the estate of Robert M. Brown Sr., in which bill petitioner was made a party defendant. This case was referred to an auditor, who, in his report, which was afterwards made the judgment of the superior court, found for petitioner the sum of $500 principal and $119.60 interest thereon from January 1, 1895, to the date of filing the report on January 2, 1899. Execution issued in favor of petitioner in accordance with this judgment; payment was demanded of Braswell and by him refused; the sheriff of DeKalb county has made a return of nulla bona on the fi. fa., and there is no property out of which the same can be satisfied. Petitioner alleges that there has been waste by Braswell of the funds in his hands as administrator, making his bondsman liable, and prays judgment against Braswell as principal, and Almand as security, for $500 principal, $119.60 interest to the date of the filing of the auditor's report, and further interest at the rate of seven per cent. until paid. The defendants in their plea denied that execution had issued in favor of plaintiff for the amount of her year's support, that payment had been demanded and refused, that there had been a return of nulla bona, and that there was no property out of which an execution could be satisfied. They also denied that

there had been waste of the funds by the administrator. With these exceptions all the allegations of the petition were admitted.

It appears from the bill of exceptions that the plaintiff below introduced in evidence a petition filed in the superior court of De-Kalb county on April 26, 1895, by W. W. Braswell as administrator of the estate of Robert M. Brown, against Susan W. Brown, the answer of Susan W. Brown, and an execution, with entries thereon, issued by the clerk of the superior court of DeKalb county against W. W. Braswell as administrator. Plaintiff in error in his bill of exceptions assigns error upon the introduction in evidence of this execution, "upon the ground that said execution, in the light of the pleadings and on its face, showed that it was issued for a year's support for plaintiff out of the estate of said deceased, and that there was no authority of law for such an execution to be issued by the clerk of the superior court, but that such an execution could be issued only by the ordinary of the county wherein administration was granted." He also excepts to the judgment rendered by the court, which was as follows: "This cause having been submitted to the court without the intervention of a jury, and after hearing the evidence offered by the plaintiff, Mrs. Susan W. Brown, and after hearing the argument of counsel on both sides, it is ordered and adjudged that the plaintiff, Mrs. Susan W. Brown, do have and recover of the defendants, W. W. Braswell as principal, and A. J. Almand as security, the sum of five hundred dollars principal, and one hundred and eighty-one and 60/100 dollars interest to date, and . . costs of court in this proceeding, besides the sum of sixteen and 40/100 dollars costs in the case of Susan W. Brown against W. W. Braswell as administrator of Robt. M. Brown Sr., deceased. The judgment in favor of the said plaintiff against W. W. Braswell as administrator of the estate of Robt. M. Brown Sr., deceased, sued on in this cause, is not disturbed as to priority of lien, until the payment and satisfaction of this judgment, which said judgment shall then be fully satisfied and paid."

1, 2. A remarkable fact about the record in the present case is that there was an entire failure to send up any brief of the evidence introduced on the trial below. It appears that testimony was introduced in behalf of the plaintiff, but none in behalf of the defendant. There can be no doubt that the allegations of the petition were sufficient to entitle the plaintiff to recover of the defend-

ants according to her prayers. The court having entered judgment in her favor after hearing all the evidence and the argument of counsel, the presumption, in the absence of any showing in the record to the contrary, is that that judgment was sustained by the evidence, and there being no brief of the evidence sent up in the record, the necessary legal conclusion is that there was proof to sustain the allegations in the petition. This petition sets up, among other things, that after the rendition of the judgment in plaintiff's favor for a year's support by the court of ordinary, the administrator received from the estate of the decedent more than enough money to satisfy this judgment, and, according to his returns, should still have a sufficient amount for that purpose. It also appears that, subsequently to the rendition of this judgment, the administrator filed in the superior court his bill to marshal the assets of the estate of his decedent, that Mrs. Susan W. Brown, the plaintiff in the present case, was made a party defendant in that bill, and that she filed her answer to the same. The issue thus raised was submitted to an auditor, who found in favor of the widow the sum of $500 principal and $119.60 interest to the date of the filing of his report, and also found in her favor a lien on the funds in the hands of the administrator, superior to all other liens. This report was duly made the judgment of the superior court, and in conformity therewith, it is alleged in the petition, execution issued and a return of nulla bona was made thereon by the sheriff after demand for payment had been made and refused. The petition also alleges that there is no property out of which this execution can be satisfied. It requires no argument to show that these allegations make out a case of waste. The issue of the execution by the clerk of the superior court was clearly authorized, that being the court in which the defendant in error obtained final judgment establishing her rights to a year's support, and the judgment on which the execution issued having been rendered in a suit brought by the administrator himself. It was the duty of the clerk to issue the execution, and it follows that the court did not err in admitting it in evidence.

3. It appears from the record that among the documents introduced in evidence on the trial below were the petition of Braswell, administrator, to marshal the assets of the estate of his decedent, to which we have before referred, and the answer of Mrs. Brown,

who was made a party defendant in that case, setting up a cross-action in her favor against the administrator for the recovery of a year's support. These, and other documents which it seems were introduced in evidence at the trial, could readily have been made a part of the record by their incorporation in an approved brief of evidence. No such brief, however, was sent up with this record, and of course it is not permissible to specify and bring to this court in a transcript of the record papers that were introduced as evidence on the trial. *Elwell* v. *Security Co.*, 101 *Ga.* 496. At the same time, we will state in this connection that we have carefully read the entire transcript of the record, the pleadings, the petition to marshal assets, the answer of the defendant in error thereto, the report of the auditor and the judgment of the court thereon, and the execution issued by the clerk of the superior court; and even if these papers had come before us in the proper shape, they thoroughly sustain the correctness of the court's decision of which complaint is made in the bill of exceptions.

4. A motion was made in this case by counsel for defendant in error that damages be awarded against plaintiff in error for delay. The present bill of exceptions is palpably without merit. As before stated, even if we were to consider the evidence which appears in the record as being properly before us, it would add nothing to the force of the complaint of plaintiffs in error, but would only make it more clear that they have no valid grounds of exception. The utter lack of merit in the case leads us to the conclusion that the bill of exceptions was sued out for delay only, and accordingly damages are awarded in favor of the defendant in error against the plaintiffs in error.

*Judgment affirmed, with damages. All the Justices concurring.*