BOND *et al. v.* WINN.

1. A bill of exceptions reciting that " plaintiffs introduced their evidence hereinafter specified, and closed," and containing no further statement with respect to this evidence, fails to show what was the testimony introduced in behalf of the plaintiffs.

2. There is a like failure to show what testimony was introduced in behalf of the defendant, when the bill of exceptions merely recites in general terms that he introduced certain documents, certain interrogatories, and the oral

testimony of a named witness, without disclosing the contents of the documents or the interrogatories, or setting forth what the witness testified.

3. Such defects can not be cured by attempting to bring up as a part of the record what purports to be a brief of the evidence, not referred to in the bill of exceptions, and not verified by the judge. Even if this paper had been specified in the bill of exceptions, the want of verification would be fatal.

4. Assignments of error which can not be intelligently understood and passed upon without reference to the evidence do not properly present anything for consideration by the Supreme Court when the evidence is not properly brought up to it. For reasons sufficiently indicated, it is apparent that the evidence in the present case was not so brought up.

5. The bill of exceptions was not duly verified as a whole, the certificate of the judge thereto affirmatively showing that a portion of it was not true.

6. The writ of error must be dismissed, because (1) there is no sufficient assignment of error, and (2) the bill of exceptions is not duly certified.

Submitted March 2,—Decided March 25, 1901.

Motion to dismiss the writ of error.

*T. L. Adams* and *G. C. Grogan*, for plaintiffs.
*P. P. Proffitt*, contra.

LEWIS, J. The bill of exceptions in this case, after reciting the names of the parties and the trial in the court below, states "that plaintiffs introduced their evidence hereinafter specified, and closed." Then follow, in consecutive paragraphs, allegations as to certain testimony offered in behalf of the plaintiffs, which the court refused to admit, with assignments of error upon these rulings. In like manner exception is taken to rulings of the court on the admission of certain testimony, oral and documentary, in behalf of the defendant. No attempt is made to include in the bill of exceptions a brief of the evidence offered on the trial, or to have an approved brief sent to this court as a part of the record. The judge's certificate is not a complete verification of the recitals of fact in the bill of exceptions, but contains a qualification as to certain allegations therein made. The record sent to this court by the clerk below embraces the pleadings in the case; what appear to be literal copies of certain documents which were presumably introduced in evidence; a report of the oral evidence, certified as such by the official stenographer of the circuit, most of which is in the original dialogue form, with no attempt at consecutive narration; and copies of several interrogatories sued out in the case. Immediately following the stenographer's certificate to the oral evidence, and sandwiched between it and papers which purport to be a portion of the docu-

mentary evidence, is a certificate by the judge of the superior court
that "this brief is hereby approved as a true and correct brief of
the evidence adduced upon the trial of the case  .  .  therein re-
ferred to."    Where this "brief" begins, where it ends, and of what
it consists is left to conjecture.    In this shape the case is before us
for determination.

1, 2. We are, in view of what is set forth above, at some loss to
account for the statement in the certificate of the trial judge that
the bill of exceptions "contains all of the evidence  .  .  ma-
terial to a clear understanding of the errors complained of."    As a
matter of fact, it contains none of the evidence except fragmentary
portions to which allusion is made in assigning error upon certain
rulings of the court.    The simple assertion that the plaintiff or the
defendant "introduced evidence hereinafter specified, and closed,"
unaccompanied by any attempt to incorporate the evidence other
than as noted, certainly is not conclusive of what evidence was in-
troduced on the trial.    We can not, therefore, treat the bill of ex-
ceptions in the present case as containing the evidence material to
a clear understanding of what occurred on the trial below.

3. No reference is made in the bill of exceptions to a brief of
the evidence, nor is there any prayer that such a brief be sent up
to this court.  . Certain documents and the oral evidence of certain
witnesses are mentioned as "parts of the record," and specified as
material to a clear understanding of the errors complained of.  "The
mere introduction of documents in evidence on the trial of a given
case does not render them portions of the record thereof, and such
documents, unless duly made a part of the record in that case by
incorporation in an approved brief of evidence, can not properly be
specified and brought to this court in a transcript of such record."
*Braswell* v. *Brown*, 112 *Ga.* 740.    The language quoted, we think,
is controlling.    But even if the bill of exceptions had duly speci-
fied a brief of the evidence (which counsel sought to do by amend-
ment to the bill of exceptions), such an attempted verification by
the trial judge as was made of the alleged brief in the present case
would be a fatal defect which would prevent its consideration by
this court.

4. The assignments of error in the bill of exceptions can not be
intelligently passed upon without reference to the evidence which
was introduced on the trial.    The evidence, as has been shown, is

not properly before us.  It follows, therefore, that nothing is presented for our determination.  See *Ryan* v. *Kingsbery,* 88 *Ga.* 361; *Harris* v. *McArthur,* 90 *Ga.* 216; *Farmers Alliance Exchange* v. *Crown Cotton Mills,* 91 *Ga.* 178; *Cash* v. *Lowry,* 91 *Ga.* 197; *Ingram* v. *Clarke,* 96 *Ga.* 777; *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264; *Carmichael* v. *State,* 111 *Ga.* 653, and many other cases which might be cited to the same effect.

5, 6.  As already set forth, there was no complete verification by the court below of the recitals of fact in the bill of exceptions. The judge, on the contrary, certifies that a portion of the bill is not true.  "Where the judge's certificate to a bill of exceptions verifies it in part only, and shows it to be in part untrue, the certificate is not a lawful one, and the writ of error must be dismissed." *Hawkins* v. *Americus,* 102 *Ga.* 786.  See also *Case* v. *Brotherton,* 105 *Ga.* 510; *Fort* v. *Sheffield,* 108 *Ga.* 781; *Sanges* v. *State,* 110 *Ga.* 260.  For this reason, and because, as already shown, the bill of exceptions contains no sufficient assignment of error, the writ of error must be            *Dismissed.    All the Justices concurring.*