## ROBERTS *et al. v.* HEINSOHN.

1. This court will not consider as evidence affidavits and documents specified in a bill of exceptions as material to a clear understanding of the errors complained of, which are not incorporated in an approved brief of the evidence, but are brought to this court in the transcript of the record merely as independent papers under the certificate of the clerk that they are of file in his office.

2. The writ of error will not be dismissed, but the case will be retained for a consideration of such questions as do not depend upon the evidence for determination.

3. The petition for injunction was legally sufficient to support the judgment rendered thereon.

Argued June 20, — Decided August 3, 1905.

Injunction.     Before Judge Spence.     Worth superior court. April 25, 1905.

*Payton & Hay*, for plaintiffs in error.

*Perry & Tipton*, contra.

CANDLER, J.    This case comes up on exceptions to the grant of an injunction. On the call of the case in this court counsel for the defendant in error moved to dismiss the writ of error, on the ground that none of the evidence was incorporated in the bill of exceptions, and no approved brief of the evidence was brought up in the transcript of the record, and that the petition and answer made no law points to be adjudicated without reference to the evidence. It appears that the statement as to the evidence is correct, and that in lieu of a brief of the evidence the plaintiff in error had sent to this court in the transcript of the record a set of detached affidavits and documents, each bearing the date that it was filed in the clerk's office, but without any effort to brief the evidence, and without any approval or verification by the trial judge. Of course these affidavits and documents can not be considered by this court as evidence, but will be disregarded entirely. *Braswell* v. *Brown*, 112 *Ga.* 740; *Bond* v. *Winn*, 113 *Ga.* 18; *Eubank* v. *Eastman*, 120 *Ga.* 1048. The fact, however, that there is no evidence before this court will not work a dismissal of the writ of error, for the reason that the bill of exceptions calls in question the legal sufficiency of the petition to furnish a basis for the equitable relief sought and granted. The suit was in effect an action to enjoin a trespass. It was not, as contended by counsel for the plaintiff in error, an effort to substitute the

equitable remedy of injunction for the common-law action of ejectment; for the plaintiff alleged in himself both title and possession, and sought only to prevent an alleged trespass on his premises by the defendants. Nor is there any merit in the contention that there was no allegation of irreparable damages. Such damages were distinctly alleged, and the fact that it was also alleged that the money value of the injury already sustained by him was "$1,000, or other large sum," does not negative the idea that the damage done and threatened was irreparable, but was merely an approximation of the extent to which he had already suffered. This case is therefore distinguishable from that of *Ocmulgee Lumber Co.* v. *Mitchell*, 112 *Ga.* 528. For none of the reasons assigned in the bill of exceptions was the petition defective; and as we are unable to pass upon any of the questions involving a consideration of the evidence, an affirmance of the judgment must result.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*