### DOLVIN *v.* AMERICAN HARROW COMPANY *et al.*

HOLDEN, J. 1. Affidavits referred to in the bill of exceptions as having been introduced in evidence and specified in the bill of exceptions as material to an understanding of the case, which affidavits are not set

8

forth in the bill of exceptions or made a part thereof, nor incorporated in an approved brief of evidence, but are merely brought to this court as a part of the transcript of record certified to by the clerk, will not be considered by this court. *Roberts* v. *Heinsohn*, 123 *Ga.* 685 (51 S. E. 589) ; *Jones* v. *Middle Georgia Cotton Mills*, 131 *Ga.* 52 (61 S. E. 977) ; *Roberts* v. *Cairo*, 133 *Ga.* 642 (66 S. E. 938).

2. Where in such case the bill of exceptions recites that the presiding judge "after hearing the pleadings in said case and the said affidavits read," granted, on an 'interlocutory hearing, the order denying the injunction, which is complained of, and the pleadings (which alone can be considered) do not of themselves demand the granting of the injunction sought, this court can not say that the presiding judge erred in refusing it. *Roberts* v. *Cairo*, supra.

> *Judgment affirmed. All the Justices concur.*
>
> FEBRUARY 22, 1910.

Petition for injunction.    Before Judge Lewis.    Greene superior court.    May 3, 1909.

*James Davison* and *George A. Merrill*, for plaintiff.

*Park & Park*, for defendants.