## Cox *v.* Cox.

Atkinson, J. 1. If A constructs a pipe-line from a spring located on elevated land in which A and B are equally interested as heirs at law of their deceased father, and the line is so located that after leaving the land on which the spring is located it extends downward first on the land of C and then onto the land of A, where by means of a "T" connection separate pipe-lines are laid to the respective dwellings of A and C, by means of which water for domestic purposes is supplied by gravitation from the spring to each residence, and, after the system has been completed and put into use, B becomes the purchaser of the land of C and continuously resides thereon, enjoying the use of the water system, and after the system has been in such use for several years A at a point on his own land disconnects the pipe-line leading to the residence of B, without notice or having made other complaint to B, and thereby cuts off the flow of water to the residence of B, and four days after the disconnection has been accomplished B institutes an action against A, praying for injunction to prevent interference with the flow of water and to require the defendant to reconnect the pipe-line, and prays also for damages alleged at $10 a day until final judgment shall be rendered in the case, but fails to allege that plaintiff could not make another connection with the pipe-line at any point on his own land or that the defendant is insolvent, or other facts to show that his damages will be irreparable, the original petition would not allege grounds for injunction. *Ocmulgee Lumber Co.* v. *Mitchell*, 112 *Ga.* 528 (37 S. E. 749). The facts of the case do not bring it within the principle of *Goodrich* v. *Georgia Railroad & Banking Co.*, 115 *Ga.* 340 (41 S. E. 659), *Oostanaula Mining Co.* v. *Miller*, 145 *Ga.* 90 (88 S. E. 562), *Sweetman* v. *Owens*, 147 *Ga.* 436 (94 S. E. 542), and similar cases, seeking injunction to prevent continuing trespasses or nuisances upon the land of the complainant.

2. The petition alleged a cause of action for damages, and therefore was not subject to general demurrer.

3. The petition did not allege ground for injunctive relief, and the court erred in granting an interlocutory injunction.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 7047. February 12, 1930.

*William Butt,* for plaintiff in error.    *G. A. Jones,* contra.