SMITH *v.* HENDERSON, warden.

JENKINS, Justice. 1. The affidavits and an uncertified brief of evidence, by which the petitioner in this habeas-corpus petition attacked his conviction of murder as based on an alleged unlawfully obtained confession, in violation of the "due process of law" clause of the 14th amendment to the United States constitution, not being incorporated in the bill of exceptions or in any brief of evidence approved by the judge hearing the habeas corpus, and being identified only by filing entries made by the clerk, can not be considered, and questions dependent thereon can not be determined. *Dolvin* v. *American Harrow Co.*, 134 *Ga.* 113 (67 S. E. 541), and cit.; *Kelley* v. *Atlanta*, 141 *Ga.* 612 (81 S. E. 869); *Roberts* v. *Heinsohn*, 123 *Ga.* 685 (51 S. E. 589); *Smith* v. *Buchanan*, 182 *Ga.* 250 (185 S. E. 317). Even if the brief of evidence embodied in a record in this court on writ of error from the defendant's conviction in a court other than that hearing the habeas-corpus case (*Smith* v. *State*, 189 *Ga.* 169, 5 S. E. 2d, 762) could be considered in this case, such record showing no objection by counsel for the defendant to the admission of the alleged confession as having been unlawfully obtained, and the sworn testimony in such record contradicting the unsworn statement of the defendant to the jury that the confession had been obtained by threat, even under such record, the trial court did not err in finding that there was no violation of the 14th Federal amendment.

2. Under the act of 1924 (Ga. L. 1924, p. 197; Code, § 27-2518), where the date for the execution of a convict in a capital case has passed by reason of a supersedeas incident to the suing out of a bill of exceptions to the judgment of the trial court, or a respite by the Governor, or for any other reason, the judge of the superior court of the county where the case was tried shall have power and authority without requiring the convict to be brought before him by habeas corpus, as provided in § 27-2521, to pass an order in term time or vacation fixing a new date for the execution of the original sentence, not less than ten nor more than twenty days from the date of such order. "One sentence is all that is ever imposed in a capital case. Such sentence is to be executed at the time fixed therein, or at such other time as the judge shall fix thereafter." *Mallory* v. *Chapman*, 158 *Ga.* 228, 231 (122 S. E. 884); *Baughn* v. *State*, 100 *Ga.* 554, 559 (28 S. E. 68, 38 L. R. A. 577); *Gore* v. *Humphries*, 163 *Ga.* 106, 111 (135 S. E. 481). Assuming that it was necessary for the defendant to have been present in court when the original sentence of execution was pronounced, as well as during other proceedings throughout the trial, in the absence of waiver (see Ball *v.* U. S. 140 U. S. 118, 129, 11 Sup. Ct. 761, 35 L. ed. 377; Schwab *v.*

Berggren, 143 U. S. 442, 12 Sup. Ct. 525, 36 L. ed. 218; *Franks* v. *State*, 120 *Ga.* 495, 48 S. E. 148; *Sarah* v. *State*, 28 *Ga.* 576 (10), 583; *Grady* v. *State*, 11 *Ga.* 253 (5); *Smith* v. *State*, 60 *Ga.* 430; 15 Am. Jur. 113, § 455), no violation of the due-process clause of the 14th Federal amendment appears, where the attack is not on the original sentence, but merely on an order fixing a new date of execution, entered without the presence of the defendant at that time, which order became necessary after the date fixed in the original sentence had passed by reason of a supersedeas pending the determination of a writ of error in this court. But even if the absence of the defendant at the time of fixing a new date of execution could be taken as violative of his constitutional rights, this would in no event have entitled him to a discharge on his petition for habeas corpus, but only to a remand to the trial court for resentence during his presence in court. See 16 C. J. 1296, § 3062.

3. The court did not err in denying the petition for habeas corpus.

*Judgment affirmed. All the Justices concur.*

No. 13436. SEPTEMBER 25, 1940. REHEARING DENIED OCTOBER 16, 1940.

*George W. Willingham,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.