McLENDON *v.* BALKCOM, Warden.

No. 17108. June 13, 1950. Rehearing denied July 13, 1950.

Samuel E. Tyson and Randall Evans Jr., for plaintiff.

J. T. Grice, for defendant.

Atkinson, Presiding Justice. (After stating the foregoing facts.) 1. It was alleged that the prisoner was insane at the time the habeas corpus proceedings were instituted and therefore could not be legally executed. Code § 27-2601 provides:

"No person who has been convicted of a capital offense shall be entitled to any inquisition or trial to determine his sanity." Also Code § 27-2602 provides: "Upon satisfactory evidence being offered to the Governor that the person convicted of a capital offense has become insane subsequent to his conviction, the Governor may, within his discretion, have said person examined by such expert physicians as the Governor may choose; and said physicians shall report to the Governor the result of their investigation; and the Governor may, if he shall determine that the person convicted has become insane, have the power of committing him to the Milledgeville State Hospital until his sanity shall have been restored, as determined by laws now in force. The cost of the investigation shall be paid by the Governor out of the contingent fund."

It is insisted that the prisoner is entitled to a "legal adjudication of his sanity or insanity"; and that, since there is no provision of law for a judicial determination thereof, he has been deprived of due process of law under the State Constitution (Code, Ann., § 2-103) and the 14th Amendment of the United States Constitution. Code, § 1-815. In *Solesbee* v. *Balkcom*, 205 *Ga.* 122 (52 S. E. 2d, 433), it was held that the failure to provide a means by which a prisoner's sanity or insanity may be judicially determined was not a denial of due process of law. It was further ruled that Code § 27-2602, providing that the Governor in his discretion may appoint a commission of physicians to determine the prisoner's sanity, was a matter of grace arising from a sense of propriety. This case was affirmed by the United States Supreme Court. Solesbee *v.* State, 339 U. S. 9 (70 Sup. Ct. 457; 94 L. ed. 396). It is insisted that the instant case differs from the *Solesbee* case, in that here no move has been made to have the Governor appoint a commission of physicians to examine the sanity of the prisoner, as was done in the *Solesbee* case prior to the institution of habeas corpus proceedings. Certainly the failure to apply to the Governor for the appointment of a commission of physicians to examine the prisoner's mental condition, even though such procedure be a matter of grace arising from a sense of public propriety, presents no meritorious divergence from the facts in the *Solesbee* case. The failure of the prisoner to avail

himself of a possible benefit cannot inure to his advantage. The United States Supreme Court in the *Solesbee* case held that the provisions in Code § 27-2602 for the Governor to have physicians to determine the prisoner's sanity was a compliance with the due-process clause; and certainly the failure of the prisoner to seek the benefits providing due process of law, and at the same time assert his failure so to do as a denial of due process, would be of no avail.

■ The petition alleged that the prisoner had been deprived of his rights to the benefit of counsel under the Constitution of Georgia (Code, Ann., § 2-105) and the United States Constitution (Code, § 1-806), in that sufficient time for preparation was not allowed and his counsel was young and inexperienced. As to the time for preparation, this question was ruled upon when this case was previously before us. *McLendon* v. *State*, 205 *Ga.* 55 (2) (supra). Nor is the allegation that "counsel was young and inexperienced" sufficient to properly allege a denial of any constitutional right. "A discharge under a writ of habeas corpus, after a conviction, can not be granted unless the judgment is absolutely void. . . Since the writ can not be used merely as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant had opportunity to avail himself, no question as to guilt or innocence or as to any irregularity can be so raised, unless it was such as to render the judgment wholly void." *Aldredge* v. *Williams,* 188 *Ga.* 607 (1) (4 S. E. 2d, 469) ; *Fleming* v. *Lowry,* 173 *Ga.* 894 (1) (162 S. E. 144).

■ A denial of due process of law was further alleged by reason of one of the members of the State Board of Pardons and Paroles, who voted against commuting the sentence to life imprisonment, being ineligible and disqualified to serve. There is no merit in this contention. The petition shows on its face that there have been three separate attacks made by the accused or one of his relatives upon the qualification of this member of the board, each of which was unsuccessful and the decisions of the lower court were affirmed by this court, which decisions are listed in the foregoing statement of facts.

■ The prisoner further alleged that, after being originally sentenced, a supersedeas was granted while the case was under

review and subsequently he was, without being present, resentenced and another day fixed for the execution.

Under Code § 27-2518, it was proper for the trial judge, without requiring the prisoner to be brought before him, to fix a new date for the execution.

The first ground under which the prisoner sought release under his petition for habeas corpus, which has not been referred to either in the statement of facts or this opinion, asserted that his original sentence was too vague and indefinite to constitute an order for execution and was therefore null and void. It alleged that the original sentence did not provide that the prisoner "be delivered to the Director of Corrections for electrocution at such penal institution as may be designated by said Director," as provided under Ga. L. 1937-38, Extra Session (Code, Ann. Supp., § 27-2512). The trial judge sustained this part of the petition and directed that the warden deliver the prisoner to the proper officers of Richmond County to be sentenced by the judge of the superior court in accordance with the verdict, and that when so sentenced the prisoner be returned to the custody of the warden. See *Smith* v. *Henderson*, 190 *Ga.* 886 (2) (10 S. E. 2d, 921).

*Judgment affirmed. All the Justices concur.*