## MCBURNETT *v.* BALKCOM, Warden.

ALMAND, Justice. Vester McBurnett was convicted on January 20, 1949, in Floyd Superior Court, and was found guilty of the offense of murder, and sentenced to death by electrocution. His conviction was affirmed by this court (206 *Ga.* 59, 55 S. E. 2d, 598) on October 11, 1949, and subsequently the refusal of the trial judge to set aside the sentence was affirmed. 206 *Ga.* 841 (59 S. E. 2d, 374). On June 8, 1950, a new date was fixed for execution of the sentence, July 28, 1950. On July 25, 1950, he sought his release, by a writ of habeas corpus, from the custody of the Warden of the State Penitentiary. The petition recited that he was being held by the warden for the purpose of being put to death by electrocution, in accordance with the sentence of June 8, 1950. This sentence provided that, the plaintiff having been tried and convicted of murder without a recommendation to mercy, and his appeal and request for clemency having been denied, the Sheriff of Floyd County was directed to deliver the person of the plaintiff to the director of corrections for the purpose of being electrocuted by the Warden of the State Penitentiary on July 28, 1950. It was alleged that at the time of said order of June 8, 1950, the plaintiff was not present, and said order was passed while he was involuntarily absent, and that he did not waive his right to be present, nor did he authorize anyone to waive his presence. It was asserted that his constitutional rights were violated, in that said order violated the positive provisions of article 1, section 1, paragraphs 2, 3, 4, and 5 of the Constitution of Georgia (Code, §§ 2-102—2-105), and also violated the Fourteenth Amendment to the Constitution of the United States (Code, § 1-815). He further contended that his restraint was illegal because the order fixing such date of execution was void, in that said sentence was not in conformity with the provisions of Code § 27-2518, which provides that the judge, in fixing a new date for carrying out a sentence of electrocution, shall set a time not "less than 10 days nor more than 20 days from the date of such order." The general demurrer of the defendant was sustained and the plaintiff was remanded to the custody of the warden. *Held:*

1. The order of the trial judge fixing a new date for the execution of the

sentence after the original date had passed was not void because the defendant was involuntarily absent and had not waived or authorized anyone else to waive his right to be present at the time and place of resentencing (*Fowler* v. *Grimes,* 198 *Ga.* 85 (5), 31 S. E. 2d, 174), and the passage of such order was not violative of the plaintiff's rights under the several provisions of the State and Federal Constitutions, as claimed by him.

2. Even if it be conceded that the order fixing a new date for execution of the sentence is void because the date fixed was not in conformity with law (Code, § 27-2518), such invalidity did not affect the validity of the original sentence. The time fixed for carrying out the sentence (July 18, 1950) had passed at the time the habeas corpus proceeding was heard (August 29, 1950) and no legal reason being shown why the plaintiff should be discharged from the original sentence, the only duty resting upon the respondent was to surrender the plaintiff to the proper authorities in order that a new date be set for carrying out the original sentence. *Gore* v. *Humphries,* 163 *Ga.* 106 (135 S. E. 481); *Smith* v. *Henderson,* 190 *Ga.* 886 (10 S. E. 2d, 921); *McLendon* v. *Balkcom,* 207 *Ga.* 100 (60 S. E. 2d, 753). In affirming the order of the trial judge, remanding the plaintiff to the custody of the respondent, direction is given that the judge amend such order by directing the respondent to deliver the plaintiff to the proper officials of Floyd County, for the fixing of a new date by the judge of the superior court of that county in accordance with the verdict and the law.

*Judgment affirmed. All the Justices concur.*

No. 17309. NOVEMBER 14, 1950.

*Hicks & Culbert* and *D. L. Stanfield,* for plaintiff.
*J. T. Grice,* for defendant.