Cogswell *vs.* Schley.

---

MITCHELL COGSWELL, relator, *vs.* WILLIAM SCHLEY, Judge, respondent.

1. Where it appears from the minutes of the Superior Court of Chatham county, that on the 7th of July said Court was in legal session, Judge Schley presiding; that said Judge adjourned the Court until ten o'clock the next morning; that he had arranged with Judge Harris, of the Brunswick Circuit, then to hold the Court; that Judge Harris telegraphed, on the 8th day of July, from Augusta, that he was providentially detained; that the clerk adjourned the Court from day to day until the 11th of July; that, in the meantime, to-wit: on the 8th of July, Judge Schley ordered that if Judge Harris did not come by the 10th, the clerk should adjourn the Court until the 14th of July, which was accordingly done; that the Court convened on the 14th, Judge Schley presiding, and had been in session ever since:
*Held,* That the session was legal. (R.)

2. A prisoner may be sentenced for the offense of murder, under section 4574 of the Revised Code, in vacation. (R.)

*Mandamus.* Superior Court. Adjournment. Criminal law. Practice. Before the Supreme Court. July Term, 1873.

For the facts of this case, see the opinion.

A. P. ADAMS, for the relator.

No appearance for respondent.

McCAY, Judge.

This was an application for a *mandamus* to compel the Judge of the Superior Court of Chatham county to certify a bill of exceptions.

It appears that Cogswell had been sentenced to be hanged ; that the sentence had been superseded by motion for a new trial, which new trial was finally refused; that before the final judgment, the day fixed in the sentence for the execution had passed. A *habeas corpus* was sued out by the Solicitor General, under section 4574 of Irwin's Revised Code, and Cogswell brought before the Judge to be resentenced. His counsel objected that the *Superior Court* was not in session, which objection the Court overruled, and proceeded to pass a sentence.

It appears from the minutes of the Court that on the 7th of July, the Superior Court of Chatham county was in legal session, Judge Schley presiding; that he adjourned Court until ten o'clock next morning ; that he had arranged for Judge Harris, of the Brunswick Circuit, to hold the Court, and to sit next day; that Judge Schley was, on the 8th of July, at Brunswick ; that Judge Harris did not appear, and on the 8th of July telegraphed, from Augusta, that he was detained from providential cause ; that the clerk adjourned the Court from day to day until the 11th of July; that, in the meantime, to-wit: on the 8th, Judge Schley ordered that if Judge Harris did not come by the 10th, the clerk should adjourn the Court until the 14th of July. Judge Harris did not come, and the clerk adjourned the Court, as Judge Schley directed, until the

14th of July, at which time *Judge Schley* appeared, and the Court had been in session ever since.

After considering the facts set forth in the petition, it is adjudged by this Court that the *mandamus nisi* be refused.

1. Because, according to the record, the Superior Court of Chatham county was legally in session on the day of the passing of the sentence excepted to.

2. Because said sentence might, under section 4574 of the Revised Code, be passed by the Judge in vacation.