## MALLORY *v.* CHAPMAN, sheriff.

1. Where the original sentence of death imposed upon a defendant convicted of the offense of murder is in full force and effect, the fact that an order fixing a new date for his execution under said sentence after the expiration of the date fixed therein is void will not entitle him, upon an application for habeas corpus, to be discharged from imprisonment. His imprisonment under the original sentence is legal.
2. A prisoner who has been convicted of murder and sentenced to be executed will not be discharged on habeas corpus because the sheriff has permitted the date assigned for the execution to elapse. A new date will be assigned.

No. 4263.    APRIL 29, 1924.

Habeas corpus. Before Judge Mathews. Houston superior court. March 10, 1924.

Lucius Mallory filed his petition for habeas corpus against T. S. Chapman, sheriff and ex-officio jailor of Houston County; and alleged the following facts: Said sheriff is restraining petitioner of his liberty by keeping him in the common jail of said county. Such restraint and imprisonment is under the pretext of an order passed by the judge of the superior court of said county on February 21, 1924. This order recited that on October 24, 1923, sentence was formally pronounced on petitioner by the judge of said court, that the execution of said sentence was deferred, in the nature of a respite, by the Governor until February 19, 1924, which respite by its terms expired that date, that petitioner was held under said sentence, and that the judge had caused petitioner to be brought before him by the sheriff and jailor; and, after such

recitals, this order directed that the sentence be fully executed in the manner therein prescribed on March 13, 1924.

The petition for habeas corpus further alleged that at the April term, 1922, of Houston superior court, petitioner was convicted of the crime of murder, and sentenced to be hanged. He made a motion for new trial, which was overruled. To that judgment he excepted and brought the case to this court for review. This court affirmed said judgment. On October 24, 1923, during the October term of Houston superior court, petitioner was again sentenced to be hanged on December 21, 1923. In pursuance of that sentence petitioner was confined in the common jail of said county to await his execution. On December 20, 1923, the Governor entered an executive order that the sentence be respited until February 19, 1924. On said date petitioner was confined in the common jail of said county, waiting to be hanged, but without his fault or procurement said sentence was not executed, although said respite expired of said date, so that said sentence was in full force and effect, and should have been executed on said date. On February 19, 1924, the judge of said court, being in the City of Macon, telephoned to the sheriff not to execute said sentence until further order of the court; all of which the judge did without the procurement or suggestion of petitioner or his counsel. Because of said verbal direction, the sheriff did not execute said sentence on February 19, 1924, as he was ordered to do by said sentence and said respite. The failure of the sheriff to execute the sentence was not for any legal or providential reason, but was due solely to the illegal non-action by the sheriff because of said illegal and unauthorized direction of the judge, which was given without jurisdiction and power and was coram non judice, which the sheriff was not bound or authorized to respect, and which did not authorize him to postpone execution of said sentence. The judge, on February 21, 1924, without previous notice to petitioner and without his consent, and without notice to his attorneys, and without giving them an opportunity to be present to be heard in his behalf, and not on the application of the solicitor-general or other person prosecuting for the State, and without issuing a habeas corpus to bring petitioner before him, unlawfully directed the sheriff to bring petitioner before him in the superior-court room in said county, and then and there, during vacation and without passing

any order convening said court in special term for any purpose, and without giving petitioner or his attorneys an opportunity to be heard or show cause why said order should not be passed, entered the order of that date. The sentence of the court pronounced on petitioner at the April term, 1923, and October term, 1923, on October 24, 1923, was not in force, but had spent its force and was functus officio. The order of February 21, 1924, by virtue of which petitioner is being restrained of his liberty, was entered contrary to law, without authority of law, and wholly without the jurisdiction of the court and the judge thereof, and is coram non judice and void, and the restraint of petitioner thereunder is illegal and without authority of law. Said order was entered without any pleadings or record before the judge. The sentence pronounced against petitioner at the April term, 1923, and October term, 1923, ceased to be of force and effect on February 19, 1924, and is not now in force. The order of February 21, 1924, is contrary to article 1, section 1, paragraph 3, of the constitution of the State of Georgia, which provides that no person shall be deprived of life, liberty, or property except by due process of law, and to article 1, section 1, paragraph 5, which provides that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel; and said order is therefore unconstitutional and void. Petitioner prayed that he be discharged from restraint of his liberty.

In answer to the petition the sheriff alleged, that he was holding petitioner under the original sentence of the court, under a renewal of said sentence, and a third order of the court; that petitioner was respited by the Governor until February 19, 1924, and, under the message from the judge alleged in the petition, the sentence of the court was not executed on February 19; and that on February 21 petitioner was brought before the judge, and an order was passed that the sentence be executed on March 13, 1924. He admitted that the copy of said order set out in the petition was correct.

On the hearing of the application for habeas corpus, the judge passed an order adjudging the order of February 21, 1924, to be void, and revoked the same, and further ordered that the sentence of the court pronounced at the April and October terms, 1923, of Houston superior court was of full force, and the imprisonment

of petitioner thereunder was legal. He remanded petitioner to the custody of the sheriff, to be by him safely kept in jail until his execution on a date to be afterwards fixed by the court. To this judgment the petitioner excepted on the ground that it was contrary to law, for all the reasons set out in his petition.

*Herbert Vining, Norman E. English,* and *John P. Ross,* for plaintiff.

*Charles H. Garrett, solicitor-general,* and *J. W. Bloodworth,* for defendant.

HINES, J. (After stating the foregoing facts.) 1. In the view which we take of this case, it is unnecessary to decide whether the order of the judge of February 21, 1924, resentencing the defendant, was valid or otherwise. If that order was void, the defendant was still confined under the original sentence imposed upon him on his conviction of the offense of murder. If the original sentence was still of full force, then the restraint of his liberty by the sheriff was entirely legal and proper thereunder, whether the order of February 21, 1924, was good or bad.

2. This brings us to consider the question whether the original sentence of the defendant was of full force and effect. One sentence is all that is ever imposed in a capital case. Such sentence is to be executed at the time fixed therein, or at such other time as the judge shall fix thereafter. *Baughn* v. *State,* 100 *Ga.* 554, 559 (28 S. E. 68, 38 L. R. A. 577). It is insisted, however, that the original sentence in this case became void and functus officio, by reason of the fact that the Governor granted a respite until February 19, 1924; and that the failure of the sheriff to execute the defendant on that day, in obedience to a telephonic message from the trial judge not to do so, had the effect of rendering such original sentence void. To this contention we cannot agree. This position is in conflict with the plain and unambiguous statute of this State. "Whenever, for any reason, any convict sentenced to the punishment of death shall not have been executed pursuant to such sentence, and the same shall stand in full force, the presiding judge of the superior court where the conviction was had, on the application of the solicitor-general of the circuit, or other person prosecuting for the State, shall issue a habeas corpus to bring such convict before him; . . and upon the convict being brought before the judge, . . he shall proceed to inquire into the facts

and circumstances of the case; and if no legal reason exists against the execution of the sentence, he shall sign and issue a warrant to the sheriff of the proper county, commanding him to do execution of such sentence at such time and place as shall be appointed therein, which the sheriff shall do accordingly." Penal Code (1910), § 1072. The trial judge can exercise the jurisdiction vested in him under this section in vacation. *Cogswell* v. *Schley, 50 Ga.* 481; *Wiggins* v. *Tyson,* 114 *Ga.* 64 (39 S. E. 865). But counsel for the defendant contend that section 1072 of the Penal Code is applicable only in cases where legal and physical reasons prevent execution of the sentence. This narrow and restricted construction should not be placed on this section. The section is broad enough to cover all cases wherein, "for any reason," convicts sentenced to the punishment of death shall not have been executed pursuant to the sentences imposed upon them. It covers all cases where sentences, which are in full force and effect, have not been executed for legal or illegal reasons. The failure of the sheriff to execute any convict sentenced to the punishment of death, by forgetfulness, inadvertence, intentional or unintentional omission of duty, or for any other reason, proper or improper, does not render the sentence of such convict functus officio, and does not entitle the convict to a discharge from the imprisonment imposed in pursuance of such sentence. Under the above section of the Penal Code, a new day can be set for the execution. This could be done by the common law. The principle has been fixed and settled since the trial of the Earl of Ferrers, who was tried before the Lords in Parliament for murder, and by them convicted. In that case the day appointed for the execution of the noble Earl elapsed before his execution; and the question arose whether a new date could be appointed for the execution. "It was resolved by all the Judges that if a peer be convicted of murder before the Lords, in Parliament, and the day appointed by them for execution, pursuant to 25 Geo. 2, should elapse before such execution done, a new time may be appointed for the execution." 2 Hawk. P. C. c. 21, § 1. In Ex parte Friday Nixon, 2 S. C. (N. S.) 4, it is announced: "A prisoner who has been convicted of murder, and sentenced to be executed, will not be discharged on habeas corpus because the sheriff has permitted the day assigned for the execution to elapse. A new day will be assigned." In Ex parte Howard, 17 N. H. 548,

Chief Justice Parker said: "There may be a failure to execute the order at the time prescribed, from various causes—providential occurrences, riots, wilful default of the sheriff. Neither of these can operate as a pardon, or give the prisoner a right to be discharged. The sentence still remains in force. If it has been stayed by a reprieve, it is to be executed at the end of the time specified in the reprieve. . . If from these or any other causes the time prescribed for execution has passed, the court must make a new order, if no other disposition has been made of the case." See Ex parte Cross, 20 D. C. 573; 16 C. J. 1331, § 3133. This being so, the trial judge did not err in refusing to discharge the petitioner from custody, and in remanding him to the custody of the sheriff to await the execution of his original sentence upon a proper fixing of a new date.

3. The court below set April 23, 1924, as a new date on which petitioner was to be hanged. As this case was pending in this court, and had not been heard at the time, we granted a supersedeas until the same could be heard and determined by this court. Having decided the case and having affirmed the judgment of the court below, said supersedeas is hereby terminated; and we direct that, upon the remittitur of this court being filed with the clerk of the court below, the defendant be brought before the trial judge in accordance with said section 1072 of the Penal Code, and a proper order passed by the trial judge for the execution of the original sentence imposed upon petitioner.

*Judgment affirmed. All the Justices concur.*