## BLOODWORTH *et al. v.* THE STATE.

BECK, P. J.  Gervis Bloodworth and Willie Jones were tried in Taylor superior court, convicted, and sentenced to be hanged for the offense of murder, and a date was set for their execution. Before this date arrived a motion for new trial was filed, and supersedeas was granted, staying the execution until the decision of the Supreme Court. On October 31, 1924, during the regular October term of Taylor superior court, the remittitur from the Supreme Court affirming the judgment of the lower court was duly entered on the minutes and made the judgment of the trial court. The defendants were brought into court and a new date for their execution, to wit, November 20, 1924, was fixed by the judge of the superior court. Before that date arrived a respite was granted by the Governor, staying the execution until January 9, 1925. On January 8, 1925, Judge W. E. H. Searcy Jr., of the Griffin circuit, upon petition of counsel for these defendants, granted an order directed to the sheriff of Taylor county and his agents, restraining them from executing these defendants until such time as the same could be done in private, and requiring the sheriff to show cause at Griffin why this restraining order should not be made permanent. On January 16, 1925, this restraining order was dissolved by Judge Searcy. Hon. C. F. McLaughlin, judge of the Chattahoochee circuit, having entered upon the duties of that office January 1, 1925, signed a formal certificate of disqualification on January 16, 1925, and designated Judge Searcy to preside in Taylor superior court for the purpose of assigning a new date for the execution of defendants, either in term time or in vacation, and at a special or adjourned term of the court.  *Held:*

1. It was competent for the judge of the Chattahoochee circuit, who was disqualified in this case, to designate the judge of the superior court of the Griffin circuit "to take and assume jurisdiction in said case, and to do and perform each and every act necessary to be done, for the purpose of imposing a sentence therein or for any other purpose pertaining to the case." *Allen* v. *State,* 102 *Ga.* 619 (29 S. E. 470).

2. The order of the judge of the Chattahoochee circuit, calling a special term of Taylor superior court for the purpose of assigning a date for the execution of the sentence theretofore imposed by the court, which

sentence was not executed on the date named in the original sentence, was not illegal on the ground that the judge of the Chattahoochee circuit had no authority under the law to call such special term of the court, for the reason that he was disqualified, as he had certified. The disqualification of the judge of the circuit did not render invalid the formal act of calling a special term of the court. *Allen* v. *State*, supra, and authorities there cited.

3. The fact that the order was passed in vacation did not render it invalid.

4. If it be necessary that the fixing of a new date for the execution of the sentence in a capital case be done by order or judgment passed in open court, a special term for that purpose may be called by the judge of the court, under the provisions of section 796 of the Penal Code. Under the language of that section, the judges of the courts "are authorized to hold special terms of said courts for the trial of criminals, or for the disposition of civil business, . . in any county of their circuits, at discretion," etc. In one sense of the word, the assignment of a new date for the execution of a sentence in a criminal case is not the trial of the criminal, for he has already been tried, convicted, and sentenced; but it is the completion of the record, and in that sense can be regarded as falling under the provisions of the section which we have quoted above. And that section of the Penal Code last referred to was sufficient authority for the calling of the special term, if it was necessary that this formal act should be performed in term time. But in this connection see the case of *Cogswell* v. *Schley*, 50 *Ga.* 481, where it was held that "A prisoner may be sentenced for the offense of murder, under section .4574 of the Revised Code, in vacation."

5. The prisoners under sentence were confined in the common jail of Muscogee County; and the judge of the Griffin circuit, after having been designated by the judge of the Chattahoochee circuit, who was disqualified, to pass all orders necessary to the final disposition of the case, went to Muscogee County and there, upon motion of the solicitor-general, passed an order commanding the jailer of Muscogee County and the sheriff of Taylor County "to produce the bodies of Gervis Bloodworth and Willie Jones . . before him at Butler, Taylor County, on January 17, 1925, then and there to be disposed of as the law directs." This order was passed at chambers, Columbus, Georgia. This order was not invalid because passed in a county other than that in which the prisoners had been tried and in which they were to be resentenced. The prisoners were in jail in Muscogee County at the time of the passage of this order. It was competent for the judge of the Griffin circuit, under orders previously granted by the judge of the Chattahoochee circuit, to issue the writ, commanding the prisoners to be brought before him at the county site of Taylor County, where the special term was to be held on the date designated. And it was also proper that the order should have been issued prior to the date of the holding of the special term, so that the officials named, who were charged with the duties imposed in the writ, could make proper preparations and have the prisoners in court at the hour designated.

6. Under the facts set forth in the record, the court did not err, when the time fixed in the prior orders for resentencing the prisoners had ar-

rived, in refusing to postpone the completion of the record in the case by reassigning a date for the execution.

*Judgment affirmed. All the Justices concur.*

No. 4778. MARCH 21, 1925.

Murder. Before Judge Searcy. Taylor superior court. January 17, 1925.

*C. W. Foy, W. E. Steed,* and *Homer Beeland,* for plaintiffs in error.

*George M. Napier, attorney-general, W. R. Flournoy, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

