FICKLING *v.* DIXON, sheriff.

No. 6758. MARCH 14, 1929.

*H. Mercer Jordan,* for plaintiff.

*Walter C. Hartridge, solicitor-general,* and *Julian Hartridge,* for defendant.

RUSSELL, C. J. On August 25, 1927, George Fickling was convicted, in Chatham superior court, of the offense of murder, and was sentenced to be electrocuted. A motion for a new trial was overruled. The convict carried the case to this court, and on May 19, 1928, the judgment overruling the motion for a new trial was affirmed. On June 4, 1928, Fickling was resentenced to be executed on June 23, 1928. On June 22, 1928, the Governor of Georgia ordered that the sentence be respited for a period of thirty days, to end July 23, 1928, at which time the original sentence "shall be carried out, unless otherwise ordered." On July 16, 1928, during the period of reprieve, Fickling was resentenced to be executed on August 3, 1928, the order reciting the above facts. On July 30, 1928, Fickling presented a petition for habeas corpus to the judge of the city court of Savannah, in which he named the sheriff of Chatham County as defendant, and alleged that the petitioner was being illegally restrained of his liberty, in that, under the facts above set forth, the order of the court setting his execution for August 3, 1928, was void, because it was pronounced and passed during the period for which the Governor had respited his sentence, it being contended that the judge of the superior court had no power to sentence the defendant to be executed until after the expiration of the thirty days respite granted by the Governor. It is alleged that the petitioner is being illegally restrained of his liberty, in violation of that provision of the fourteenth amendment to the constitution of the United States, which declares: "nor shall any State deprive any person of life, liberty, or property, without due process of law." The sheriff in his answer sets up that it was not necessary for the judge of the superior court to wait until the day the respite ended, before he could resentence the petitioner; and denies that his restraint of the petitioner is illegal. Upon the

hearing the judge of the city court denied the writ of habeas corpus, and the exception is to that judgment. The sole contention of the plaintiff is that the order or sentence of July 16 is void, and that therefore he should be discharged from custody.

1. Under the rulings announced in *Mallory* v. *Chapman,* 158 *Ga.* 228 (122 S. E. 884, 34 A. L. R. 310), the only point presented for consideration in this case, under the above facts, is whether the original sentence of death imposed upon the defendant was in full force and effect at the time of the hearing upon the petition for habeas corpus; and if this be so, it matters not whether the order of the judge of July 16, resentencing the defendant, was valid or otherwise.

2. Under the provisions of the act of 1924 (Ga. L. 1924, p. 195), when the day fixed by the trial court for the execution of a capital sentence has passed and the sentence for any reason whatever has not been executed, it is the duty of the judge of the superior court in which sentence of death was imposed to name and fix a new date for the execution of the capital sentence by an order as prescribed by law. *Gore* v. *Humphries,* 163 *Ga.* 106 (135 S. E. 481).

3. Consequently, upon the date of the hearing of the petition for habeas corpus the original sentence of death imposed upon the petitioner was of full force and effect. Therefore, even though the order fixing a new date for his execution be void because entered during a period for which the original sentence had been suspended by reprieve granted by the Governor, this fact will not entitle the petitioner to be discharged from imprisonment upon the application for habeas corpus. "His imprisonment under the original sentence is legal" (*Mallory* v. *Chapman,* supra), and it follows that the petitioner is not deprived of his liberty "without due process of law." *Judgment affirmed. All the Justices concur.*

Gilbert, J. I concur in what has been said, and desire to add the following: A reprieve is "the withdrawing of a sentence for an interval of time, which operates in delay of execution" (3 Bouvier's Law Dic.), or "suspension, for a time, of the execution of a sentence which has been pronounced." Bishop's Cr. Proc., quoted in Butler *v.* State, 97 Ind, 373, 374. "A reprieve does not annul the sentence, but merely delays or keeps back the execution of it for the time specified." 29 Cyc. 1570, citing Sterling *v.* Drake, 29

276

Ohio St. 457 (23 Am. R. 762), in which it was held that a reprieve substitutes a date other than that fixed by the court for the execution, and, when that day arrives, it is by virtue of the court and not the command of the Governor that the execution takes place.