## STATE v. GREEN.

No. 5786.   Decided March 27, 1936.   (55 P. [2d] 1324.)

*Arthur Woolley* and *John C. Davis,* both of Ogden, for appellant.

*Joseph Chez,* Atty. Gen., and *Grover A. Giles* and *Zelph S. Calder,* Deputy Attys. Gen., for the State.

FOLLAND, Justice.

This is an appeal by defendant from certain orders of the trial court made after judgment of death was imposed upon

him, and at a time when defendant was brought into court for the purpose of fixing date of execution of the judgment. Such orders in substance are: (1) Denying defendant the benefit of a hearing as to his sanity pursuant to chapter 49, title 105, R. S. Utah 1933, as amended by chapter 134, Laws of Utah 1935; (2) denying defendant's motion to arrest judgment and not fix the time for execution of sentence of death; (3) fixing time for execution of sentence; (4) alleged error and abuse of discretion in informal investigation as to sanity of defendant; and (5) overruling objection to jurisdiction because of claimed insufficiency of proof of reprieve terminated.

The defendant was convicted in the district court of Davis county, Second judicial district, of the crime of murder in the first degree and sentenced to death. On appeal to this court, the judgment was set aside and a new trial ordered. *State* v. *Green,* 78 Utah 580, 6 P. (2d) 177. On a second trial in the same court defendant was again convicted and again sentenced to death. A second appeal was taken to this court, and the judgment was affirmed. *State* v. *Green,* 86 Utah 192, 40 P. (2d) 961. On both trials the defense of insanity was interposed. The execution of sentence having been stayed pending appeal, the defendant, after judgment affirmed, was taken before the district court of Davis county and a date was fixed for execution of sentence. Lillie May Alexander, mother of defendant, filed a petition in the district court of Salt Lake county asking for a hearing as to the sanity of the defendant; he being then confined in the Utah state prison located within Salt Lake county. The district court took jurisdiction of the cause, made an order suspending execution of death, and set a date for hearing of the insanity proceeding. The legality of the action of the district court in thus proceeding was tested in this court by a writ of prohibition in the case of *State* v. *Alexander,* 87 Utah 376, 49 P. (2d) 408, 413. This court held the district court of Salt Lake county without jurisdiction in the premises and made the alternative writ of prohibition permanent. The gist

of the decision was that the procedure of R. S. Utah 1933, 105-49-2 to 105-49-6, as amended by chapter 134, Laws of Utah 1935, which provides for investigation into the sanity of one charged with crime, was not applicable to a defendant convicted of murder in the first degree and under judgment of death with date of execution fixed, but that the procedure applicable in such case was that outlined in R. S. 1933, 105-37-8 to 105-37-12. The Governor of Utah, before the hearing in this cause, had issued his reprieve, thereby suspending execution of the judgment and thus avoiding embarrassment arising from the conflicting orders of the district court of Salt Lake county and the district court of Davis county. After the decision in *State* v. *Alexander*, supra, the district court of Davis county, on motion of the district attorney, made an order directing the sheriff of Davis county to bring Delbert Green before the district court for further proceedings pursuant to section 105-37-15, which reads as follows:

"If for any reason a judgment of death has not been executed, and it remains in force, the court in which the conviction was had, on the application of the district attorney, must order the defendant to be brought before it, or if he is at large, a warrant for his apprehension may be issued. Upon the defendant's being brought before the court, it must inquire into the facts, and if no legal reason exists against the execution of the judgment, must make an order that the sheriff execute the judgment at a specified time. The officer must execute the judgment accordingly."

Defendant was brought before the court presided over by the same judge who presided at both trials of the defendant and who had pronounced judgment and sentence upon him. Counsel for defendant interposed a motion in arrest of judgment on grounds, among others, that the defendant is and was insane, and also presented a petition by Lillie May Alexander, the mother of defendant, praying for an insanity hearing to be had under the provisions of chapter 49, title 105, Revised Statutes of Utah 1933, as amended by chapter 134, Laws of Utah 1935. The court denied the motion and

petition, but held an informal inquiry at which the sheriff of Davis county was present, wherein expert witnesses called by defendant's counsel were examined touching the mental condition of Delbert Green. The court, after such an examination, made and entered an order directing the sheriff to execute the judgment of death on the 24th day of January, 1936. Counsel for defendant thereupon represented to the trial court that an appeal would be taken to the Supreme Court, and requested the trial judge to sign a certificate of probable cause for appeal in order to stay execution of the judgment pending appeal. R. S. 1933, 105-40-9. The trial judge refused the request. Counsel thereupon requested each of the justices of the Supreme Court to sign such certificate, which request was likewise refused by each and all of the justices of this court. Thereafter the Governor of the state granted a reprieve, which suspended execution of sentence. The reprieve has been continued in full force and effect by the board of pardons in order that this appeal might be heard and determined before its termination.

Many of the questions raised by appellant have become entirely moot by reason of granting the reprieve, particularly those in which the jurisdiction of the trial judge was called in question because of alleged illegality in the termination of reprieve by the board of pardons and the means by which the board's action was made to appear before the district court. Such questions are entirely moot, and it would serve no useful purpose to discuss or decide them.

The ultimate question involved herein is whether a defendant or any one in his behalf has a right to demand an inquisition as to sanity under the provisions of sections 105-49-2 to 105-49-6, inclusive, as amended by chapter 134, Laws of Utah 1935, where such defendant is █ under judgment of death but execution of sentence has been suspended by reprieve or otherwise and there is no day fixed for execution of sentence. These sections have been fully set out in the case of *State* v. *Alexander,* supra, as were also sections 105-37-8 to 105-37-12, inclusive, and they

will not be repeated here. For convenience we shall refer to the former provisions as chapter 49 and the latter as chapter 37. In this state the sanity of a person charged with crime may be determined at any stage of the proceeding against him in the manner provided by statute. An insane person is incapable of committing crime. Section 103-1-40. Under procedure in effect at the time defendant was tried, a defendant might defend on grounds of insanity under a plea of not guilty. This has been changed by chapter 122, Laws of Utah 1935, so that now a defendant may enter a plea of not guilty because of insanity. If the defendant has become or is insane at the time of trial, or after trial and before judgment, or any time during his incarceration while serving as a convict, or on parol, the question of sanity may be tested and determined as provided in chapter 49. The provisions of chapter 37 are made applicable to all cases where judgment of death has been imposed. In *State* v. *Alexander*, supra, it was decided that, when the defendant was under judgment of death and the date had been fixed for his execution, the provisions of chapter 37 applied and that the provisions of chapter 49 were not applicable. The difference between that case and this is that here the question was raised after judgment of death, but while execution of judgment was in suspense by reason of reprieve, and no date had yet been fixed for execution of sentence. There was a difference also in this respect: That in *State* v. *Alexander*, supra, the jurisdiction of the district court of Salt Lake county was involved, whereas in this case the proceedings were had in the district court of Davis county, the court wherein the defendant had been convicted. In the Alexander Case this court said:

"When judgment of death has been passed on a defendant and date of execution fixed, the question of supervening insanity is not a right which the defendant may urge or have urged on his behalf before any court. Action comes only when the sheriff and judge of the court in which judgment was rendered have reason to believe that the defendant has become insane. An inquisition may not be demanded as a matter of right by the defendant or some one on his behalf, but

may be instituted by the proper officers for humanitarian reasons and with a sense of propriety in the furtherance of the declared policy of the law that it is inhuman to execute an insane man."

What was there said was strictly pertinent to the facts of that case, but we think it is also applicable here. Section 105-37-9 reads: "If after judgment of death there is good reason to believe that the defendant has become insane, the sheriff of the county, with the concurrence of the judge of the court by which the judgment was rendered" may summon a jury to inquire into the supposed insanity.

The statute does not limit its operation to a time only after date of execution is fixed, but "after judgment of death." The sheriff, with concurrence of the judge, is the officer vested with the power and the duty to call a jury to make such inquiry, when in the exercise of a sound discretion they think there is good reason to believe the defendant has become insane.

"Where certain officers are designated by statute, as the ones to initiate or conduct such a proceeding, they are the only ones who may exercise such power." State v. Alexander, supra.

In the Alexander Case we said, referring to section 105-37-8:

"That section and the six following sections stand alone in the statute as the exclusive procedure where sentence of death has been passed."

The wording of other sections clearly indicates that what was said in the Alexander Case is the correct interpretation of legislative intent.

The decision in State v. Vettere, 77 Mont. 66, 249 P. 666, is a case in point. The defendant had appealed from a judgment of conviction, and, pending the appeal, execution of sentence of death was suspended. The judgment appealed from was affirmed. Thereafter the defendant was produced in court for the fixing of the date for execution of sentence,

and, when the judge inquired whether any legal reason existed against execution of judgment, defendant's counsel suggested that defendant was irrational and insane. He requested the court to hold a hearing for the purpose of determining the defendant's sanity. In the Supreme Court it was urged the statute, similar to our chapter 49, was applicable, and that the trial court should have proceeded thereunder with a formal inquiry. The court held against that contention and that the statutory provisions corresponding to our chapter 37 were exclusive after judgment of death, and any sanity inquisition must be at the instance of the sheriff. The statutory remedy excludes jurisdiction of the trial court to conduct proceedings to inquire into the sanity of a convict under sentence of death. *Howell* v. *Todhunter*, 181 Ark. 250, 25 S. W. (2d) 21.

It is clear from the statute that a judgment or sentence is not set aside or invalidated by either the issuance of certificate of probable cause of appeal or reprieve by the Governor. The only effect is one of delay, making necessary the fixing of another date when the judgment ■ must be executed. This court on appeal affirmed the judgment so that it has been a valid and subsisting judgment from the time it was pronounced following the defendant's conviction on his second trial. The reprieve merely delayed execution of judgment. The authorities are to the same effect. *Mallory* v. *Chapman*, 158 Ga. 228, 122 S. E. 884, 34 A. L. R. 310, and note, 314.

It is urged that the statute, section 105-37-15, which provides, "Upon the defendant's being brought before the court, it must inquire into the facts, and if no legal reason exists against the execution of the judgment, must make an order that the sheriff execute the judgment at a spec- ■ ified time," gives the defendant the right to urge a motion in arrest of judgment as he might do under section 105-36-9, when brought before the court for the pronouncement of judgment. That section provides that the defen-

dant must be asked by the court "whether he has any legal cause to show why judgment should not be pronounced against him." The trial court rightly took the position that this provision afforded no opening to the defendant to allege or suggest that he was insane and to demand a hearing under the provisions of chapter 49, and to arrest judgment until this issue was determined. The statute requires the judge to make inquiry into the facts and, if no legal reason exists against execution of judgment, to fix the date for such execution. If the judgment had been commuted to life imprisonment or to a term of years, or if a valid reprieve is outstanding, or if the defendant had been pardoned, such fact, if it be a fact, could well be urged as a legal reason against fixing time for execution of sentence. The mere allegation or suggestion of insanity of the defendant is not such a reason unless the fact of insanity be shown by verdict of a jury summoned pursuant to the provisions of chapter 37, finding the defendant to be insane. In other words, the defendant had exhausted his rights to have determined the question of his supposed insanity. His defense that he was insane at the time of the commission of the act was determined against him by the jury's verdict. After judgment of death, the fact of insanity must be determined, if determined at all, as provided in chapter 37. If the sheriff had proceeded to the summoning of a jury as in said chapter provided and the jury had found the defendant to be insane, such a verdict could be shown to the court as a legal reason why date of execution could not be fixed.

Defendant has no right of appeal from the orders of the trial court refusing to order a sanity inquisition under the provisions of chapter 49 and denying motion in arrest of judgment. This was held in the case of *State* v. *Gardner*, 62 Utah 156, 217 P. 1111.

Defendant claims the right of appeal under section 105-40-3, which reads:

"An appeal may be taken by the defendant:

"(1) From a final judgment of conviction.

"(2) From an order made, after judgment, affecting the substantial rights of the party."

Had the orders and rulings of the court denied or affected any substantial right of defendant, there might be merit in this contention. True, the defendant would be affected by the action of the court, but it did not affect any legal right he was then entitled to assert. *State* v. *Nordstrom,* 21 Wash. 403, 58 P. 248, 53 L. R. A. 584; *People* v. *Sloper,* 198 Cal. 601, 246 P. 802. We have already shown that defendant had no legal right to demand an insanity inquisition to be conducted according to chapter 49, or at all, and that he had no right to move as he did in arrest of a judgment already made, entered, and affirmed. It is obvious that, if the law permitted such convicts to arrest execution of judgment of death by demanding, as a legal right, an inquisition as to their insanity, it would be tantamount to granting them the privilege of indefinitely postponing execution and thereby to make a farce of the administration of criminal justice. *Davidson* v. *Commonwealth,* 174 Ky. 789, 192 S. W. 846. The power to delay execution of sentence because of insanity of a defendant is in the state, not the defendant, and it is to be exercised in accordance with the statute. If this were not the law, the state would be wholly impotent to ever execute a convicted felon, because every time he would come before the trial court to have the date of execution fixed he would urge some reason in arrest of judgment, and, if denied, he would perfect his appeal to this court and take therefor the statutory time allowed in cases of appeal. Thus a convicted murderer could play the game of battledore and shuttlecock between the trial court and the Supreme Court, with rests only long enough to allow this court to hear the cause and write opinions and the trial court to fix future dates for execution. The law tolerates no such procedure.

When the justices of this court were requested by counsel for defendant to grant a certificate of probable cause of appeal, the request was refused because the individual justices

believed then, as the court now holds, that the defendant had no right of appeal from the orders of the court from which this pretended appeal is taken, and that on such pretended appeal defendant had no legal right to have execution of judgment stayed or suspended. It does not follow that a defendant is without remedy in the event the trial court acts without or in excess of jurisdiction or fails to follow the law in fixing a date for execution of judgment. The original jurisdiction of this court may be invoked in proper cases. The writ of certiorari was the vehicle of review in *Seyboldt* v. *District Court,* 66 Utah 15, 239 P. 476. The law requires that the date for execution of judgment of death be set not less than 30 days nor more than 60 days from the time when fixed. *Seyboldt* v. *District Court,* supra. The defendant is thus afforded a period of 30 days within which to prepare for his execution, and, if he so desires, to have a review by the Supreme Court or the board of pardons. The limitation of 60 days is provided so as to prevent any court from fixing a time so far into the future that the ends of justice might be defeated.

Notwithstanding the trial court denied the motion of the defendant and petition of his mother for a sanity trial under the provisions of chapter 49, the court conducted an informal hearing at which witnesses qualified in medicine, psychiatry, and psychology were examined at length touching the mental condition of the defendant. The purpose was that the judge might become further advised with respect to the mental condition of the defendant, should the sheriff seek his concurrence in a determination to call a jury to try the issue of defendant's sanity. The sheriff was also present at the hearing. The court was not required to make such an investigation, but it was entirely proper for him so to do in order that he and the sheriff might have the facts before them in exercising a discretion prior to action in the premises.

Counsel argue that, up to the time when date of execution has been fixed, the court, and not the sheriff, should be the

tribunal to test insanity on the part of the defendant, even though judgment of death has been pronounced. These arguments might well be addressed to the Legislature. The statute has clearly outlined the procedure to be followed, and it does not rest with the courts to substitute some other or different procedure. Counsel quote the following from the decision in *State* v. *Alexander,* supra:

"The procedure outlined in chapter 37 was intended to be followed in cases of convicts awaiting execution after sentence of death had been imposed, and that of chapter 49 is to cover all other cases within the scope of the chapter."

They argue that this defendant was not "awaiting execution after sentence" until after the sheriff had received the warrant of death with the date for execution fixed therein. This defendant is not in the state prison serving any part of a sentence, but is confined there under judgment of death awaiting execution of sentence. *In re Herron,* 77 N. J. Law, 315, 72 A. 133. That is the only purpose of holding him in confinement. The provisions of chapter 37 therefore apply exclusively after pronouncement of judgment of death.

Notwithstanding we hold that no appeal will lie from the orders of the trial court from which this attempted appeal was taken, and a dismissal of the appeal might have been a sufficient determination of the case, since the state made no motion to dismiss, and because of the importance of settling questions of procedure, we have seen fit to dispose of those questions as on appeal.

The cause is remanded to the district court of Davis county, in and for the Second judicial district of the state of Utah, for further proceedings pursuant to law.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.