## TOWN OF WHITE SULPHUR SPRINGS, Respondent, *v.* ALLEN PIERCE, County Treasurer, Etc., Appellant.

[Submitted May 5, 1898. Decided May 16, 1898.]

*Municipal Corporations—Taxation—Duties of County Treasurer, as Collector—Right of Defendant to Object to Judgment, because it is too small.*

1. Municipal Corporations—*Taxation.*—Under Sections 4860 and 4872 of the Political Code, a city or town council has power to levy taxes; and such taxes, when levied for street purposes, are not subject to the laws of 1887 providing that the taxpayers may work out street taxes if they so elect.
2. Same—*Duties of County Treasurer.*—The county treasurer is authorized to collect the taxes of all towns and of all cities not of the first class, unless such cities or towns provide otherwise by ordinance. (§ 4870 Political Code.)
3. Same.—When the county treasurer has collected the taxes of a town and refuses to pay the amount collected to the town treasurer, as provided in Section 4864, the town may recover the amount so withheld.
4. The defendant cannot complain of a judgment because it is not for the full amount to which plaintiff is entitled.

*Appeal from District Court, Meagher County; F. K. Armstrong, Judge.*

Action by the town of White Sulphur Springs against Allen Pierce, county treasurer. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This action is brought by the plaintiff town to recover the sum of $1,222.23, the amount of street taxes levied by the plaintiff upon the property within the town for the year 1895, which sum was collected by the defendant, who is county treasurer of Meagher county, in which plaintiff town is situated, and who refuses to pay the same to plaintiff, claiming that said sum is a part of the county taxes of said county of Meagher. The case was tried before the district court upon an agreed statement of facts.

From this statement it appears that the aldermen of the plaintiff town, on the 16th day of August, 1895, adopted the following resolution: ''Be it resolved by the board of aldermen of the town of White Sulphur Springs, Montana, that an *ad valorem* tax of two (2) mills on the dollar be, and is hereby, levied on all the taxable property within the town of White Sulphur Springs, Montana, upon the assessed valuation as returned by the assessor of Meagher county for the year 1895, in accordance with the provisions of Ordinance No. 15. Said tax is for street and alley purposes, and to be collected by the treasurer of Meagher county in accordance with the laws of Montana.''

The tax so levied by the plaintiff town for street purposes amounted to the sum sued for, and it is conceded that the defendant, as county treasurer, collected the same, and that he refuses to pay it over to the plaintiff after demand, for the reason that he claims said money belongs to Meagher county.

The district court rendered judgment in favor of plaintiff for the sum in controversy, less 30 per cent., which the district court considered as belonging to the county. From this judgment the defendant appeals.

*Smith & Gormly* and *C. B. Nolan*, for Appellant.

*Powell Block* and *C. A. Spaulding*, for respondent.

PEMBERTON, C. J. Counsel for appellant contends that the town taxes in question were levied under Ordinance No. 15 of

the plaintiff town, and that the ordinance is void because it does not provide that the taxpayers of the town may work out their taxes if they so elect, and because it does not further provide for giving notice to the taxpayers of the time and place when and where such work may be done, as required by Sections 1852, 1853, 1854, Fifth Division, Compiled Statutes 1887, under which statutes counsel claims the ordinance was adopted.

We doubt very much whether the appellant has any such rights in this controversy as would enable him to set up the failure of the ordinance to include within its terms such provisions. Those provisions were prescribed for the benefit of the taxpayers. They might make this defense if the taxes were levied under an ordinance passed under the sections of the Compiled Statutes referred to. But the agreed statement of facts shows that the taxes in controversy were for the year 1895, and levied by the resolution of the board of aldermen of the plaintiff town, set out in the statement. It appears, therefore, that the taxes were levied under the codes, which took effect July 1, 1895, and not under any provisions of the Compiled Statute, of 1887. Section 4860 of the Political Code authorizes towns to levy such taxes. Section 4872 same code empowers the town council or board of aldermen to make such levy by resolution. This resolution of the board of aldermen levying the taxes was certified by the county clerk, who, in accordance with the law, carried this tax levy into the proper tax book, which he delivered to the county treasurer to collect. The county treasurer collects the taxes in all towns and cities except cities of the first class, unless such towns or cities not of the first class otherwise provide by ordinance. (Section 4870 Political Code.) The plaintiff town had not otherwise provided by ordinance for the collection of its taxes. The defendant, as county treasurer, collected the taxes levied as shown above. Having collected them, Section 4864 of the Political Code requires that he pay them over to the town or its treasurer. This he refused to do. We are shown no sufficient reason why he should refuse to comply with a plain

requirement of the law. The taxes were levied by the town, and collected by the appellant as town taxes.

Counsel for appellant says the judgment should be reversed because the district court only rendered judgment in favor of plaintiff for 70 per cent. of the amount of taxes collected, whereas it should have recovered for the full amount, if for any. The plaintiff is not complaining of this action of the court, and the appellant cannot complain if he got more by the judgment than he was entitled to. The appellant is not injured by the judgment. We think the judgment should be affirmed.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.