THOMAS, RESPONDENT, *v.* CITY OF MISSOULA ET AL.,
APPELLANTS.

(No. 5,520.)

(Submitted April 28, 1924.  Decided May 19, 1924.)

[226 Pac. 213.]

*Cities and Towns—Taxation—Semi-annual Payment of Taxes—*
*Statute—Constitutionality.*

Taxation—Cities and Towns—Semi-annual Payment of Taxes—Statute.
1. *Held,* that Chapter 96, Laws of 1923, providing for the semi-annual payment of "all taxes levied and assessed in the state," applies to city taxes as well as to county taxes.

Same—Power of Legislature.
2. The taxing power of cities is derived from the legislature and it may withdraw or modify it at pleasure, so long as constitutional limitations are not transgressed.

Same — Statute Authorizing Semi-annual Payment of Taxes Repealed Former Statutes.
3. By the general repealing clause found in Chapter 96, subdivision 2, of section 5039 and section 5203, Revised Codes of 1921, general in their nature, giving authority to cities to levy and collect taxes, as well as the ordinances enacted in pursuance thereof, were repealed.

Same—Statute—Sufficiency of Title.
4. *Held,* that the title to Chapter 96, "An act to fix the time and method of collecting taxes and interest thereon," sufficiently expresses the subject of the Act—authorizing the semi-annual payment of taxes —to meet the requirements of section 23, Article V, of the Constitution.

Same—Statute Includes Payment of Special Assessments.
5. Assessment for special improvement *held* to fall within the meaning of "taxes" as used in Chapter 96, Laws of 1923, authorizing the semi-annual payment of taxes.

Statutes—Who may not Question Validity.
6. One whose rights are not affected by a statute will not be heard to question its validity.

*Appeal from District Court, Missoula County; Theodore*
*Lentz, Judge.*

ACTION for injunction by Frank Thomas against the City of Missoula and another.  Judgment for plaintiff and defendants appeal.  Affirmed.

---

5.  Whether special assessment is a tax, see note in 3 L. R. A. (n. s.) 837.

*Mr. Robert E. Mulroney,* for Appellants, submitted a brief and argued the cause orally.

The Act in question, if given the effect claimed for it, particularly in the second cause of action stated in plaintiff's complaint, is unconstitutional as impairing the rights of contract. In the case of *State Sav. Bank* v. *Barrett,* 25 Mont. 112, 63 Pac. 1030, the court has held that the legislature can no more impair the obligation of a contract entered into by the state than it can the obligation of a contract made between individuals, and that a statute which changes the terms of an agreement by imposing new conditions or dispensing with those expressed or implied is repugnant to the Constitution as being a law impairing the obligation of a contract; and the degree of impairment is immaterial.

Special assessments levied for the purpose of defraying the cost and expense of improvements made in special improvement districts are not taxes as that word is used in Chapter 96. (*Caverly-Gould Co.* v. *Springfield,* 83 Vt. 396, 76 Atl. 39; *Illinois Cent. Ry. Co.* v. *City of Decatur,* 147 U. S. 190, 37 L. Ed. 132, 13 Sup. Ct. Rep. 293 [see, also, Rose's U. S. Notes]; *Bass* v. *Park Commrs.,* 171 Ill. 370, 49 N. E. 549; *State ex rel. Moore* v. *Furstenau,* 20 N. D. 540, 129 N. W. 81; *Board of Improvement, etc.,* v. *Sisters of Mercy, etc.,* 86 Ark. 109, 109 S. W. 1165; *Commerce Trust Co.* v. *Syndicate Lot Co.,* 208 Mo. App. 261, 232 S. W. 1055, 235 S. W. 150; 5 McQuillin on Municipal Corporations, sec. 2017; *Id.,* vol. 8, sec. 2017, Supp.; *Emory* v. *San Francisco Gas Co.,* 28 Cal. 346.)

*Messrs. Murphy & Whitlock,* for Respondent, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

The authorities generally seem to hold that statutes making changes in the tax laws do not in any sense operate to impair the rights of creditors or other persons who have contracted with the city. (*Arkansas & S. R. R. Co.* v. *Louisiana & A. R.*

*Co.,* 218 U. S. 431, 54 L. Ed. 1097, 31 Sup. Ct. Rep. 56 [see, also, Rose's U. S. Notes] ; *Wheeler Mercantile Co.* v. *Moon,* 49 Mont. 307, 141 Pac. 665; *Erie R. R. Co.* v. *Williams,* 233 U. S. 685, 51 L. R. A. (n. s.) 1097, 58 L. Ed. 1155, 34 Sup. Ct. Rep. 761 [see, also, Rose's U. S. Notes].) Where there has been no special reason why improvement taxes should be distinguished from other taxes no such distinction has been made and they have been included under the general term "taxes." (*Wheatland* v. *City of Boston,* 202 Mass. 258, 88 N. E. 769; *Wisconsin Real Estate Co.* v. *City of Milwaukee,* 151 Wis. 198, 138 N. W. 642; *Chicago etc. Ry.* v. *Kansas City & N. W. R. Co.,* 75 Kan. 167, 12 Ann. Cas. 588, 88 Pac. 1085.) These cases make it clear that the meaning of the term must be determined from the intention of the legislature taking the context into consideration.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Immediately prior to the thirtieth day of November last Frank Thomas tendered to the city treasurer of Missoula one-half of the amount of taxes levied upon his property by the city for the year 1923. The tender was refused and upon the threat of the treasurer to sell the property for delinquent taxes unless the entire amount were paid by 6 o'clock P. M. of November 30 this action was instituted to secure an injunction restraining the city and its treasurer from proceeding to carry the threat into execution. The complaint states two causes of action, one relating to the ordinary city taxes and the other to special improvement taxes. A general demurrer to each cause of action was interposed and overruled, and the defendants, electing to stand on their demurrers, suffered judgment to be entered against them, and appealed.

Chapter 96, Laws of 1923, provides: "All taxes levied and [1] assessed in the state of Montana shall be payable as follows: One-half of the amount of such taxes shall be payable

on or before 6 o'clock P. M. on the thirtieth day of November of each year and one-half on or before 6 o'clock P. M. on the thirty-first day of May of each year," *etc.*  (Sec. 1.)  This language is too simple, plain and direct to admit of the application of the rules of statutory construction.  It construes itself and the Act means just what it says: All taxes levied in this state shall be payable in equal semi-annual installments. Section 8 of Chapter 96 provides:

"On or before the last Monday of December and the last Monday of June of each year the county treasurer and city treasurer must publish in the manner and for the time prescribed by sections 2184, 2185 and 2186 of the Revised Codes of Montana of 1921, a notice specifying:

"1. That at a given time and place (to be designated in said notice) all property in the county, or city respectively, upon which delinquent taxes are a lien will be sold at public auction, unless prior to said time said delinquent taxes, together with all interest, penalties, and costs due thereon are paid;

"2. That a complete delinquent list of all persons and property in the county, now owing taxes, is on file in the office of the county treasurer or city treasurer, and is subject to public inspection and examination."

In view of these provisions it is idle to argue that the legislature did not intend that the Act should apply to city taxes.

It is true, as counsel for defendants contend, that by the [2]  enactment of this statute the legislature has interfered with the authority heretofore exercised by cities in the matter of local taxation; but a city of this state does not possess inherent power to levy and collect taxes.  Whatever power it exercises in that behalf it derives from the legislature (*First Nat. Bank of Glendive* v. *Sorenson,* 65 Mont. 1, 210 Pac. 900), and the same authority which conferred the powers heretofore exercised may withdraw or modify them at pleasure, so long as constitutional limitations are not transgressed.

Chapter 96 does not in express terms repeal or amend the
[3]   statutes (subd. 2, sec. 5039, and sec. 5203, Rev. Codes)
under which cities heretofore levied and collected taxes, and it
is urged that these statutes are not affected by the general
repealing clause found in Chapter 96, above, and this upon the
theory that the enactment of a general law does not amend or
repeal a special statute relating to the same subject, unless
the special statute is referred to specifically.   The rule invoked
has no application here, for neither of the statutes above cited
is a special statute (*State ex rel. Redman* v. *Meyers,* 65 Mont.
124, 210 Pac. 1064), and each of them and the ordinances of
the city of Missoula must yield to this later legislative enact-
ment.

Chapter 96 is entitled: "An Act to fix the time and method
[4]   of collecting taxes and interest thereon." This title ex-
presses sufficiently the subject of the Act and meets the re-
quirements of section 23 of Article V of our state Constitution.
(*State* v. *Anaconda C. M. Co.,* 23 Mont. 498, 59 Pac. 854;
*State* v. *McKinney,* 29 Mont. 375, 1 Ann. Cas. 579, 74 Pac.
1095; *Evers* v. *Hudson,* 36 Mont. 135, 92 Pac. 462; *State* v.
*Mark,* 69 Mont. 18, 220 Pac. 94.)

It is contended further that assessments made for special
improvements are not taxes and are not comprehended by the
provisions of Chapter 96 above.   That money exacted from
a property owner to defray the expense of a special improve-
ment is a species of taxation imposed and collected under the
taxing power cannot be questioned.   (*Billings Sugar Co.* v. *Fish,*
40 Mont. 256, 20 Ann. Cas. 264, 26 L. R. A. (n. s.) 973, 106
Pac. 565.)   In defining the word "tax" the Century Dictionary
says: "In a more general sense the word includes assessments
on specific properties benefited by a local improvement for the
purpose of paying expenses of that improvement."

For certain purposes the authorities quite uniformly recog-
nize a distinction between ordinary taxes and exactions for

[5]  special improvements, as, for instance, when the question of exemption or uniformity is raised.  But whether the term "tax" when used in a statute, as in Chapter 96, includes an imposition for special improvements, must be determined by reference to the intention of the legislature, as that intention may be disclosed by the context, the purpose sought to be accomplished, the general scope of the Act and related Acts. (*Wisconsin Real Estate Co.* v. *Milwaukee,* 151 Wis. 198, 138 N. W. 642.)  Neither the context nor general scope of the Act (Chapter 96) furnishes a key to the solution of our question; but it is worthy of note that prior to the enactment of Chapter 96 all taxes were collected annually in one payment (secs. 2169 and 5203, Rev. Codes), and the rule applied specifically to special improvement taxes (sec. 5251).  The manifest purpose of Chapter 96 was to relieve the taxpayer of the burden thus imposed so far as relief might be had by a division of the amount and payment in equal semi-annual installments.  It is also to be observed that throughout the special improvement statute (secs. 5225–5277, Rev. Codes) these exactions for special improvements are referred to as taxes (secs. 5240, 5244, 5245, 5247, 5248, 5251, 5253, 5266, 5267 and 5276).  In view of this fact and the apparent purpose of the Act, we think the only fair inference is that the legislature intended to include under the term "taxes" special improvement taxes as well as general and *ad valorem* taxes.

It is contended further that with this construction placed upon it Chapter 96 operates to impair the obligation of contracts; but neither of these defendants is in a position to urge [6]  that objection.  It is a general rule that one whose rights are not affected by a statute will not be heard to question its validity.  (*Spratt* v. *Helena Power Transmission Co.,* 37 Mont. 60, 94 Pac. 631; *State ex rel. Holliday* v. *O'Leary,* 43 Mont. 157, 115 Pac. 204; *Potter* v. *Furnish,* 46 Mont. 391, 128 Pac. 542.)

So far as disclosed by this record, no one will be affected adversely by the enforcement of Chapter 96 as construed above.

The judgment is affirmed.

*Affirmed.*

Mr. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.