STATE ex rel. CITY OF WOLF POINT, Respondent, *v.* Mc-
FARLAN, County Treasurer, Appellant.

(No. 6,050.)

(Submitted December 22, 1926.   Decided January 20, 1927.)

[252 Pac. 805.]

*Cities and Towns—Collection of City Taxes by County Treasurer
—Mandamus—When Writ Does not Lie—Statutes—Constitu-
tionality—Who may not Question.*

Cities and Towns—County Treasurer must Collect City Taxes, When.
1.   Where a city has failed to provide by ordinance for the col-
lection of its taxes by its own treasurer, the treasurer of the county
in which such city is situated must, under section 5214, Revised
Codes of 1921, collect and pay them to the city treasurer with-
out delay.

Same—Collection of City Taxes by County Treasurer—Interest and
Penalties Follow Tax and Belong to City.
2.   Interest and penalties collected on delinquent taxes follow the
tax and go to the state or a subdivision thereof according as the
one or the other is entitled to the tax; therefore where a county
treasurer acting as tax collector for a city had collected interest
and penalties on delinquent city taxes he did so as agent of the
city and was required to pay the amounts so collected to the city
treasurer.

Same—County Treasurer must Collect City Taxes Without Extra Com-
pensation.
3.   The legislature had the power to include in the duties of the
county treasurer that of collecting and paying over to cities within
his county taxes levied by such municipalities even though no
provision was made for compensation for such additional duties.

Same—Special Improvement Assessments Fall Within Meaning of
"Taxes."
4.   Assessments for special city improvements which under section
5251, Revised Codes of 1921, the county treasurer is required to
collect, *held* to fall within the meaning of the words "tax" and
"taxes" as employed in section 5214, making it the duty of the
county treasurer to collect city taxes where a city has not im-
posed that duty upon its own treasurer.

Same—*Mandamus* to compel County Treasurer to Pay Over City Taxes
—What not a Defense.
5.   A county treasurer, acting as city tax collector, who had col-
lected interest and penalties due on delinquent city taxes, will not be
heard to say in defense to an action to compel him by *mandamus*
to pay them over to the city that the statutes prescribing his duties
in that respect are unconstitutional; having collected them, it was
his duty to pay them over.

[78 Mont. 156.]

**Statutes—Who may not Question Constitutionality.**
   6. One who is neither injured nor jeopardized by the operation of a statute cannot challenge its constitutionality.

*Mandamus* **to Compel Public Officer to Pay Over Moneys, When.**
   7. *Mandamus* does not lie to compel a public officer to pay over money unless it is in his official custody, legally subject to the payment of the demand when the proceeding is initiated; hence where a county treasurer had several years prior to the institution of *mandamus* proceedings paid out for county purposes taxes collected by him which he should have, but had not, paid to the city treasurer, the writ did not lie to compel him to do so.

---

   [1]    Municipal Corporations, 28 **Cyc.,** p. 1710, n. 38.
   [2]    Counties, 15 C. J., sec. 179, p. 511, n. 20. Taxation, 37 **Cyc.,** p. 1205, n. 34; p. 1594, n. 76, 77, 78.
   [3]    Counties, 15 C. J., sec. 179, p. 511, n. 23.
   [4]    Municipal Corporations, 28 **Cyc.,** p. 1102, n. 9.
   [5]    Constitutional Law, 12 C. J., sec. 177, p. 760, n. 57; p. 762, n. 60.
   [6]    Constitutional Law, 12 C. J., sec. 183, p. 765, n. 89, 91.
   [7]    Mandamus, 38 C. J., sec. 434, p. 784, n. 53.

*Appeal from District Court, Roosevelt County; S. E. Paul, Judge.*

MANDAMUS by the State, on the relation of the City of Wolf Point, to compel Neil McFarlan, as county treasurer of Roosevelt County, to pay to the city certain interest and penalties collected by him on delinquent city taxes. From a judgment for relator, respondent appeals. Reversed, with direction to dismiss the proceeding.

*Mr. Hugh N. Marron,* County Attorney of Roosevelt County, for Appellant, submitted a brief and argued the cause orally.

*Mr. J. K. Bramble,* for Respondent, submitted a brief.

*Mr. Victor Griggs, Amicus Curiae,* submitted a brief and argued the cause orally.

---

  6. See 6 R. C. L. 89.
  7. See 18 R. C. L. 139.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In this proceeding Wolf Point, a city of the third class, sought a writ of mandate to compel the defendant as treasurer of Roosevelt county to pay to the city certain sums of money collected by him as interest and penalties on delinquent taxes. The taxes, collected in 1924, became delinquent in the years 1920, 1921, 1922 and 1923, and consisted of administrative as well as special improvement taxes.

After issue joined by answer, motion to quash the alternative writ and a demurrer to the complaint having been overruled, the parties agreed upon a statement of facts. Thereupon the court entered judgment for the city, directing the issuance of a peremptory writ of mandate commanding the defendant treasurer to forthwith pay to the city the sum of $35.51 "representing the interest collected by the defendant on general administrative and special improvement district taxes." From this judgment the defendant treasurer has appealed.

The city of Wolf Point has never provided by ordinance for [1] the collection of taxes by its own treasurer and it therefore became the duty of the county treasurer of Roosevelt county to collect them (sec. 5214, Rev. Codes 1921), and to pay the same to the city treasurer without delay. (*State ex rel. City of Cut Bank* v. *McNamer,* 62 Mont. 490, 205 Pac. 951.)

The defendant admits that in his capacity as county treasurer he collected money from the taxpayers as interest and penalties upon delinquent taxes which admittedly were due the city, but he defends against this proceeding upon grounds which may be stated briefly thus: (1) The statutes do not warrant the collection of interest and penalties upon delinquent city taxes, and it is admitted the city has never provided for the imposition or collection of such; (2) if the statutes upon their face do warrant such action they are unconstitutional, being in contravention of section 4 of Article XII of the state Constitution; (3) as admittedly he has paid the money collected to

the county which has spent the same for its own purposes, *mandamus* does not lie.

We might dispose of this case upon technical grounds, but as it appears that other cities and towns are facing the same problem, the attorney for one of them having been permitted to argue the case as *amicus curiae,* we have concluded to consider the case upon its merits so far as we are permitted to do so.

(1) Section 5214, Revised Codes of 1921, provides: "The [2] county treasurer of each county must collect the tax levied by all cities and towns in his respective county, except in case of such cities of the first and second and third classes as may provide by ordinance for the city treasurer to collect the taxes from such corrected assessment-book. The county treasurer must collect such city or town taxes, including unpaid road poll-taxes, at the same time as the state and county taxes, with the same penalties and interest in case of delinquency. All publications for sales for delinquent taxes shall include such city or town taxes, there being but one sale for each piece of property, such sale to cover the aggregate of such city or town, county, and state taxes, with the penalties, interest, and cost of advertising provided by law. All moneys received from sales, redemptions, and from sales by the county, after deed given by the county treasurer as provided by law, shall be credited to the state, county, and city or town, *pro rata,* in the same proportions as provided in sections 2234 and 2235 of this Code."

The statute commands the county treasurer to collect city taxes with "the same penalties and interest in case of delinquency" as the law imposes for delinquency in case of taxes for state and county purposes, and it would seem clear that the penalties and interest are collected for the benefit of the city. "All moneys received from sales, redemptions * * * shall be credited to the state, county, and city or town, *pro rata,* in the same proportions as provided in sections 2234 and 2235 of this Code." It is true that sections 2234 and

2235 do not mention town or city taxes and at first blush an obscurity is suggested, but when these sections are construed with section 5214 the legislative intent is plain. This conclusion is emphasized by section 5215, which says that when a city by ordinance provides for the collection of taxes by its own treasurer, such treasurer "shall have the same power to collect municipal taxes as the county treasurer to collect state and county taxes, and the same right to give notice, add penalties, seize and sell property for delinquent taxes, give deeds to purchasers, and to do everything that a county treasurer might do in the premises, except that he must make settlement with the city council."

The general rule is stated thus in 37 Cyc., at page 1594: "Unless otherwise directed, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state, county or city, according as the one or the other is entitled to the tax itself; and in cases where two or more of these are interested in the tax, such interest and penalties should be apportioned among them in the ratio of their respective shares of the tax. But the legislature may change this rule and dispose otherwise of interest or penalties." (And see *State ex rel. Thayer* v. *Mish,* 13 Wash. 302, 43 Pac. 40; *Prowers County* v. *People,* 17 Colo. App. 519, 69 Pac. 73; *Board of Education* v. *Griffith,* 116 Kan. 38, 225 Pac. 1063.)

We do not find that the legislature has changed the rule with respect to city taxes collected by the county treasurer. Section 2175, Revised Codes of 1921, repealed by Chapter 96 of the 1923 Session Laws, p. 257, provided that "on the thirtieth day of November of each year, at 6 o'clock P. M., all unpaid taxes are delinquent, and thereafter the county treasurer must collect, for the use of the county, an addition of ten per cent," but in our opinion that section did not apply to city taxes.

In collecting city taxes the county treasurer does so as agent [3] of the city. Nowhere, so far as we are aware, is there any provision for his remuneration for his services in collect-

ing taxes, interest and penalties due the city. Nor need there be. He is a public officer, paid by the public, and there can be no doubt of the power of the legislature to include in his duties that of collecting and paying over to a city in his county taxes caused to be levied in pursuance of law by the city authorities. (See *Smith* v. *City of Frankfort*, 2 Kan. App. 411, 42 Pac. 1003.)

Section 5251, Revised Codes of 1921, provides that "it shall be the duty of the city or town treasurer of every city or town whose taxes for general, municipal and administrative purposes are certified to and collected by the county treasurer in accordance with the provisions of section 5216 of this Code, immediately after the fifteenth day of September of each year, and at the same time the copy of resolution determining the annual levy for general taxes is certified by the city or town clerk to the county clerk as required by said section 5216, to certify to the county clerk of the county in which such city or town is situated all special assessments and taxes levied and assessed in accordance with any of the provisions of this Act, and the county treasurer must collect the same in the same manner and at the same time as said taxes for general, municipal and administrative purposes are collected by him." (This section was amended by Chapter 156 of the 1925 Session Laws, page 285, by inserting the words "the second Monday of August of each year" for the words "the fifteenth of September of each year.")

By section 5216, Revised Codes of 1921, the town council is required, on or before the fifteenth day of September of each year, by resolution to determine the amount of the city and town taxes for all purposes to be levied and assessed on the taxable property in the city or town for the current fiscal year, and the city clerk is required to certify to the county clerk a copy of such resolution, and the county treasurer is then required to collect the taxes unless the council has provided by ordinance for the collection of the taxes by the city treasurer, in which event the city clerk must certify a copy

of the resolution to the city treasurer. (This section was amended by Chapter 49 of the 1925 Session Laws, page 64, by substituting the words "on or before the second Monday of August of each year" for the words "on or before the fifteenth day of September of each year.")

The direction of section 5251, *supra*, that after certification, [4] the county treasurer must collect "all special assessments and taxes" in the same manner and at the same time "as taxes for general, municipal and administrative taxes are collected by him," evidently refers to the provisions of section 5214, *supra*. The assessments for special improvements above referred to fall within the meaning of the words "tax" and "taxes" as employed in section 5214. (*Thomas* v. *City of Missoula*, 70 Mont. 478, 226 Pac. 213; *First National Bank of Glendive* v. *Sorenson*, 65 Mont. 1, 210 Pac. 900.)

(2) The defendant is not in a position to assert that the [5, 6] foregoing statutes are, or that anyone of them is, unconstitutional. Admittedly he collected the taxes and, having done so, it was his duty to pay them to the city treasurer. (*Town of White Sulphur Springs* v. *Pierce*, 21 Mont. 130, 53 Pac. 103.) The taxpayer who paid the taxes, voluntarily it must be assumed, is not complaining. The taxes were paid for the benefit of the city, not for the county or the defendant treasurer. So upon this attempted defense the treasurer will not be heard. (*Board of Commrs. of Meagher County* v. *Gardner*, 18 Mont. 110, 44 Pac. 407; *Adams* v. *Saunders*, 89 Miss. 784, 119 Am. St. Rep. 720, 11 Ann. Cas. 327, and exhaustive note, 42 South. 602.) Moreover, one who is neither injured nor jeopardized by the operation of a statute cannot challenge its constitutionality. (*State* v. *Vettere*, 77 Mont. 66, 249 Pac. 666.)

(3) But upon the facts the point that *mandamus* does not [7] lie must be sustained. The defendant long prior to the institution of this proceeding had paid the money to the county, and it was not then in his power to comply with the writ. This is a complete defense. An officer cannot be compelled to

pay a sum of money by mandate unless the money is in his official custody, legally subject to the payment of the demand when the steps are initiated to enforce the payment. (*People v. Reis,* 76 Cal. 269, 275, 18 Pac. 309; 18 R. C. L. 139.) *State ex rel. City of Cut Bank* v. *McNamer,* is not to the contrary. There the treasurer had the money in his possession with which to comply with the demand. Instead of paying the tax money collected promptly to the city treasurer he commingled it with the county money and deposited the whole amount in several banks, one of which failed, holding forty-seven per cent of the city's money in what he called an "escrow fund." He had sufficient money in the other banks to pay the city the money he had collected in its behalf and rightly was compelled by mandate to do so.

It follows that the judgment must be reversed, with direction to dismiss the proceeding, and it is so ordered.

*Reversed with direction to dismiss.*

ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.

MR. JUSTICE MYERS did not hear the argument and takes no part in the foregoing decision.