No. 80-354

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

BURCH PALMER, Individually
and as Representative of and on
behalf of himself, et al.,

        Plaintiff and Appellant,

vs.

THE STATE OF MONTANA,

        Defendant and Respondent.

---

Appeal from:  District Court of the Sixteenth Judicial District,
In and for the County of Custer.
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

    For Appellant:

        Moses Law Firm, Billings, Montana
        Charles F. Moses argued, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Allen Chronister argued, Assistant Attorney General,
         Helena, Montana
        Keith D. Haker, County Attorney, Miles City, Montana

    For Amicus Curiae:

        Karen S. Townsend, County Prosecutor Services Bureau,
        Helena, Montana

---

Submitted:  February 18, 1981

Decided:  MAR 2 4 1981

Filed:  MAR 2 4 1981

_Thomas J. Kearney_
                        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Burch Palmer brought declaratory judgment action in the Sixteenth Judicial District Court, Custer County, for the purpose of determining the constitutionality of section 23-5-311, MCA. Palmer appeals from the District Court's order declaring the statute constitutional. We affirm.

On appeal Palmer raises the following issues:

1. Does section 23-5-311, MCA, unconstitutionally deny equal protection of the laws?

2. Is section 23-5-311, MCA, special legislation which violates 1972 Mont. Const., Art. V., § 12?

3. Is section 23-5-311, MCA, void for vagueness?

Palmer is the owner and operator of the Alta Saloon in Miles City, Montana. On August 8, 1979, the State filed an information charging Palmer with conducting an unauthorized card game, specifically a blackjack game, in violation of sections 23-5-311 and 331, MCA. Palmer challenged the constitutionality of the statutes, but the District Court ruled adversely to Palmer and this Court declined to issue a writ of supervisory control. The parties then stipulated that the State would stay any further prosecution proceedings if Palmer brought the instant declaratory action. This appeal follows the District Court ruling in favor of the State in the declaratory action.

Section 23-5-311, MCA, reads as follows:

"Authorized card games: (1) It is unlawful for any person to conduct or participate in any card game or make any tables available for the playing of card games except those card games authorized by this part.

"(2) The card games authorized by this part are and are limited to the card games known as bridge, cribbage, hearts, panguingue, pinochle, pitch, rummy, whist, solo, and poker."

Palmer argues the section must be declared invalid as a denial of equal protection because it distinguishes between different activities within the same generic class of card games absent any rational basis or compelling state interest to support the

distinction. Palmer insists this statutory classification discriminates not only against certain card games, but also against gamblers who desire to conduct and participate in those unauthorized card games.

Nevertheless we find the statute applies uniformly across-the-board to all persons within the State of Montana. There is consequently no classification whatever. Accordingly the equal protection argument is not properly before us, and we need not engage in equal protection analysis as set forth in State v. Jack (1975), 167 Mont. 456, 539 P.2d 726. Instead, we need go no further than State, Etc. v. District Court, Etc. (1979), ____ Mont.____, 591 P.2d 656, 36 St.Rep. 489, (hereinafter Zander), in disposing of this issue.

In Zander we held:

> "Criminal statutes need not apply to all areas that may be injurious to public health and failure of the legislature to do so does not constitute denial of equal protection of the laws. (Citing case.) Determination or classification of the subjects of legislation does not deny equal protection. (Citing cases.) If all persons in the same class are treated alike, there is no violation of equal protection. (Citing cases.) Here there is but one class and all persons within that class are treated equally satisfying constitutional equal protection requirements." 591 P.2d at 661, 36 St.Rep. at 494, 495.

We do not reach a determination of whether any, some, or all card games should be authorized. This is patently a question of state law for determination by the legislature. The legislature has spoken in this instance through its enactment of the Card Games Act, sections 23-5-301 et seq., MCA. The Act expresses the legislative intention that only certain card games by which participants vie against one another, inter se, shall be authorized and that card games where each player vies against the house are prohibited. The obvious legislative purpose is to ban casino-type gambling. Since the legislature has exercised its authority in an evenhanded fashion, it has not run afoul of the equal protection doctrine. We therefore will not intrude on

- 3 -

the legislative prerogative under the questionable theory that there is no policy basis for the Act and that the legislature had no rational basis for its enactment. Zander, 591 P.2d at 660, 36 St.Rep. at 493.

Palmer's second argument is a corollary to his first: that section 23-5-311, MCA, is special legislation which discriminates against blackjack and those gamblers who prefer to play blackjack. Palmer insists the special legislation violates 1972 Mont. Const. Art. V, § 12. This approach toward invalidating the statute is equally unpersuasive.

In Arps v. State Highway Commission (1931), 90 Mont. 152, 164-5, 300 P. 549, 554, overruled on other grounds, Burgan & Walker v. State Highway Comm'n (1943), 114 Mont. 459, 137 P.2d 663, this Court articulated the following distinction between special and general legislation:

> "The object of the prohibition of special or local laws is to prevent a diversity of laws relating to the same subject. (Citations.) A law is not local or special in a constitutional sense that operates in the same manner upon all persons in like circumstances. 'General laws are those which relate to or bind all within the jurisdiction of the law-making power, and if a law is general and operates uniformly and equally upon all brought within the relation and circumstances for which it provides it is not a local or special law in the constitutional sense.'"

As we have already noted, section 23-5-311, MCA, makes it unlawful for any person to conduct or participate in any card game not specifically authorized. The statute is general and operates uniformly and equally upon all persons in the State of Montana. The statute thus clearly is a general rather than a local or special law in the constitutional sense.

Palmer lastly attacks section 23-5-311, MCA, on vagueness grounds. He argues that since there are no provisions defining the authorized card games such as poker, or the unauthorized card games such as blackjack, it is not possible for a prospective card game operator or participant to adequately determine

whether a given game is authorized under the statute.

We need not address the merits of this issue. The word "poker", which Palmer is here attacking as unconstitutionally vague, is of ancient and common understanding. Palmer is apparently knowledgeable of the meaning of poker, at least to the extent that blackjack is not encompassed within that meaning. At no time has Palmer contended the blackjack game he conducted at the Alta Saloon was a variation of poker. Palmer's counsel admitted at oral argument that Palmer and others in his position in fact realize that blackjack definitely is not a variation of poker. Since Palmer was neither injured nor jeopardized by the alleged vagueness of the word "poker", hence by the operation of the statute, he lacks standing to challenge its constitutionality on that basis. State v. Kirkland (1979), ____Mont.____, 602 P.2d 586, 590, 36 St.Rep. 1963, 1966; State v. McFarlan (1927), 78 Mont. 156, 252 P. 805.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy dissenting:

I dissent. I would find the Card Games Act invidiously discriminatory and strike it down.

_____
Justice

- 5 -