No. 80-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

JOSEPH GOOTT,

Plaintiff and Respondent,

vs.

STATE OF MONTANA et al.,

Defendants and Appellants.

---

Appeal from:    District Court of the Second Judicial District,
                In and for the County of Silver Bow.
                Honorable James Freebourn, Judge presiding.

Counsel of Record:

For Appellants:

Hon. Mike Greely, Attorney General, argued, and
Allen Chronister, Assistant Attorney General,
argued, Helena, Montana
John Winston, County Attorney, Butte, Montana

For Respondent:

J. Mayo Ashley argued, Helena, Montana

For Amicus Curiae:

Marc F. Racicot, County Prosecutor Services Bureau,
Helena, Montana
Dowling Law Firm, Helena, Montana
John P. Poston, Helena, Montana

---

Submitted:  June 8, 1981

Decided:  JUL 2 - 1981

Filed: JUL 2 - 1981

Thomas J. Kearney
                                        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Joseph Goott brought a declaratory judgment action in the Silver Bow County District Court to determine whether a gambling game marketed by Goott was lawful in Montana. The District Court held that the game known as "Poker All Keno" was lawful under the Montana Card Games Act, sections 23-5-301 et seq., MCA.

On appeal the State asks this Court to determine whether the game "Poker All Keno" is lawful under either the Montana Card Games Act, supra, or the Bingo and Raffles Law, sections 23-5-401 et seq., MCA.

The game of "Poker All Keno" is played using equipment which is similar to that commonly used to play keno. A transparent receptacle holds 52 balls, each bearing the representation of a card in a conventional deck of playing cards. Air pressure is used to mix these balls, and five balls are then blown at random into a transparent tube. The balls so chosen are displayed to the players on a lighted wall screen. Prior to the commencement of shuffling and selection, the players attempt to guess which balls or combinations of balls will be chosen. The combinations which players can choose are based on the "hands" commonly encountered in poker, and alternatively the players may guess whether each "card" is high or low. The game can be played by marking cards or slips with guesses or by placing bets on a game table. The odds on guessing successfully are given to the players on the game board and on the slips, and the "house" makes payoffs to the players accordingly.

Goott, as the owner of the patent and copyright for the trademarked game of "Poker All Keno", did not want to assume the risk of prosecution should the game be illegal in Montana. Therefore, he filed a complaint praying for a declaration that the game was legal under the Bingo and Raffles Law, sections 23-5-401 et seq., MCA. The parties submitted an agreed statement of facts and each party submitted proposed findings and

conclusions. The State's proposed findings concluded that "Poker All Keno" was lawful under the Bingo and Raffles Law. Goott's proposed findings, which were adopted by the District Court, concluded "Poker All Keno" was lawful under the Montana Card Games Act. Judgment was entered accordingly.

On appeal, the State contends that "Poker All Keno" is governed by the Bingo and Raffles Law and not by the Montana Card Games Act, and further argues that the game is illegal. Goott now contends his game is lawful under the Bingo and Raffles Act, and argues that the State should be barred from asserting the illegality of keno for the first time on appeal. As amici curiae, the Hofbrau and the Montana Coin Machine Operators Association agree with Goott, and the Montana County Attorneys Association argues for a review limited to the issue determined by the District Court judgment.

The Montana Constitution, Article III, Section 9, provides that all forms of gambling are prohibited unless authorized by the legislature or by the people through initiative or referendum. In 1974 the legislature passed the Montana Card Games Act, sections 23-5-301 et seq., MCA, legalizing certain specified card games including poker. We recently rejected a challenge to the constitutionality of the Montana Card Games Act in Palmer v. State of Montana (1981), ____Mont.____, 625 P.2d 550, 38 St.Rep. 447, wherein we noted:

> "The [Card Games] Act expresses the legislative intention that only certain card games by which participants vie against one another, inter se, shall be authorized and that card games where each player vies against the house are prohibited. The obvious legislative purpose is to ban casino-type gambling."
> Palmer v. State, ____Mont.____, 625 P.2d at 551, 38 St.Rep. at 449.

While "Poker All Keno" possesses some of the indicia of poker, the game is essentially a variation of keno. The technical description of the game confirms that participants do not compete against one another but rather each player competes

against the house, the operator of the game. It is therefore a casino-type or banking game which the legislature did not intend to authorize by the Montana Card Games Act. _Palmer_, supra. The District Court erred in determining that "Poker All Keno" was legal under the Montana Card Games Act.

We do not reach the issue of whether "Poker All Keno" is legal under the Bingo and Raffles Law, sections 23-5-401 et seq., MCA. The District Court in adopting the respondent's proposed findings and conclusions did not rule on the legality of the game under the Bingo and Raffles Law. Consequently, that issue is not before this Court for review.

Additionally the State for the first time on appeal argues that keno is illegal. As the legality of keno was not an issue before the District Court in this case, we decline to rule on this question. Northern Plains Resource Council v. Board of Natural Resources (1979), ____Mont.____, 594 P.2d 297, 36 St.Rep. 666.

The judgment of the District Court is reversed. Judgment is entered holding that "Poker All Keno" is not lawful under the Montana Card Games Act, sections 23-5-301 et seq., MCA.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -

Mr. Justice Frank B. Morrison, Jr., concurring:

I concur in the holding that "Poker All Keno" is not governed by the Card Games Act, section 23-5-301, et seq., MCA. However, I would hold that the game is lawful under the Bingo and Raffles Act, sections 23-5-401, et seq., MCA

_____
Justice


Mr. Justice John C. Sheehy concurring:

I concur because Palmer v. State, supra, is stare decisis.

_____
Justice